# Thompson v. Hartline.

*Bill in Equity to establish a Resulting Trust in Land.*

1. *Resulting trust; purchase by guardian with ward's funds.*—Where a guardian purchases lands with funds belonging to his ward, and takes the title to the lands so purchased in his own name, a resulting trust in said lands is created in favor of the ward with the right, at his election, to call for a conveyance of the land to himself, or to have it subjected to sale for his reimbursement.

2. *Same; statutes of limitations.*—Where a resulting trust in lands is created in favor of a ward by his guardian purchasing said lands with funds belonging to the ward's estate and taking the title in his own name, against the right of the ward to establish and have declared such resulting trust, statutes of limitations do not run during the minority of the ward ; and where a bill is filed for such purpose immediately upon the ward attaining his majority, it is filed in time, and the demand is not stale.

3. *Same; claim of homestead unavailable to the guardian.*—A guardian who has purchased lands with funds belonging to his ward's estate and has taken the title in his own name, can not, as against his ward, claim the lands thus purchased by him as his homestead, so

[Thompson v. Hartline.]

as to defeat the enforcement of the resulting trust therein in favor of the ward.

4. *Same; settlement of guardianship; conclusive of guardian's demands.*—Where items of alleged credit claimed by a guardian against his ward have been passed upon in the settlement of the guardianship, and such items as were allowed were accommodated in the judgment on such settlement, the guardian can not, on a bill filed by the ward to establish a trust in his favor in lands purchased by the guardian with the ward's funds, have said claims of credit against the ward again passed upon.

5. *Bill to establish resulting trust; maintainable notwithstanding complainant could have sued at law.*—The fact that a ward can maintain a suit at law and recover from her guardian funds belonging to her which the defendant invested in lands and took the title in his own name, does not defeat her right to enforce a resulting trust in such lands by a bill in equity.

6. *Same; judgment of settlement of guardianship no bar.*—It is no bar to the maintenance of a bill by a ward against her guardian to establish a resulting trust in lands, which the guardian purchased with her funds and took title in his own name, that a judgment on settlement of the guardianship had been entered up in the probate court for a balance ascertained to be due from the guardian to the ward; such proceeding not being an election on the part of the ward to ratify the breach of contract, but a mere ascertainment of and judgment for such balance, which was necessary in the administration of the trust estate, as a matter distinct from the enforcement of the resulting trust in land.

APPEAL from the Chancery Court of Cherokee.

Tried before the Hon. S. K. MCSPADDEN.

The facts of this case, as averred in the bill and disclosed by the evidence, are sufficiently stated in the opinion. The respondent demurred to the bill on the following ground: 1st. That it contains no equity; 2d, that it shows on its face that the complainant is not entitled to the relief prayed for, having elected to proceed to judgment at law; 3d, that the bill shows on its face that the complainant's rights are barred by the statute of limitation of ten years; 4th, that it is shown by the bill that complainant has no resulting trust or other liens in the lands sought to be subjected; 5th, that the demand contained in the bill is barred by the statute of limitations; 6th, that the averments of the bill show that the ward's funds were intermingled with those of the ward's mother, and that said commingled funds were applied indiscriminately to the payment of the land; 7th, that

[Thompson v. Hartline.]

it would be inequitable to single out the lands now belonging to Thompson to subject them to the enforcement of a resulting trust; 8th, that the complainant has a full, adequate and complete remedy at law. The respondent also pleaded the statute of limitations of three, six and ten years.

The respondent set up in his answer that the complainant's intestate was indebted to him in various items such as board, clothing, commissions, attorney's fees and court costs, and asked that his answer be taken as a cross-bill, and that these claims be allowed and set off against the claim of the complainant. The demurrers to the bill were overruled, and on the final submission of the cause, on the pleadings and proof, the chancellor decreed that the respondent was not entitled to the claims sued for in his cross-bill, and ordered that the same be dismissed and held only as an answer, and further decreed that the complainant was entitled to the relief prayed for and ordered accordingly. The respondent appeals, and assigns as error the decree of the chancellor overruling the demurrers to the bill, and the final decree dismissing the respondent's cross-bill and granting the complainant the relief prayed for.

J. L. BURNETT, for appellant.—1. The court erred in overruling the several grounds of demurrer. The bill shows that complainant had a clear and adequate remedy at law by suit on the guardian's bond, or by summary execution against the sureties.—Code, § 2277. The sureties are no where averred to be insolvent. The statute prescribing this summary execution, creates a new right and prescribes a particular remedy which is exclusive of any other remedy.—3 Brick. Dig., 331, §§ 13–14.

2. The ward elected to charge the guardian with the money in the probate court, and thus affirmed and ratified the expenditures, and can not proceed in this separate action.—2 Story's Eq. Jur., §§ 1262–3, 1210. She can not also claim a lien on the land.—3 Wait's Ac. & Def. 569; 2 Perry on Trusts, § 843, p. 492; 1 Brick. Dig., 661, §§ 306, 318; *Tilford v. Torrey*, 53 Ala. 122; *Preston & Stetson v. McMillan*, 58 Ala. 89.

MATTHEWS, DANIEL & CARDON, *contra*.

McCLELLAN, J.—This is a bill filed by Anna Hart-

line, since deceased, and now prosecuted by James Hartline, as the administrator of her estate, against F. M. Thompson. Its object is to have a resulting trust declared in a certain tract of land held by and standing in the name of said Thompson, and to have the same sold in execution and satisfaction thereof. The following is the case made by the bill: Thompson was guardian of Anna Hartline, a minor, and in that capacity received six hundred and fifty dollars ($650), being her distributive share in the estate of her father, one Hall. He also in some way received a like sum from said estate which belonged to and constituted the distributive share of the widow of said Hall in his estate. These two sums, aggregating thirteen hundred dollars ($1,300), he paid to one Russell for a tract of land which included the parcels now sought to be subjected. The price of this tract was fifteen hundred dollars ($1,500), and this payment left a balance of two hundred dollars due to said Russell. This latter sum he raised by a sale of a small part of the tract to one Partlow for three hundred and seventy-five dollars, "or other larger sum," and, as the bill alleges, "out of the proceeds of said sale he paid the balance of the purchase money due his vendor for said lands purchased as aforesaid, and pocketed the residue." After this, no deed having been made by Russell to Thompson, a division of the remaining land was had between Thompson and Mrs. Hall; and Russell, with Thompson's consent, executed deeds to Mrs. Hall and Thompson, respectively, for the land allotted to each on said division. That part of the tract thus conveyed to Thompson is the land now sought to be subjected. The payment of his ward's money on this land was made on December 29th, 1875. On November 12th, 1888, a settlement of the guardianship of Thompson, he having been removed for failing to give additional bond, was had in the probate court, and a judgment was entered up charging him with said six hundred and fifty dollars ($650), other items of two hundred and sixty-two dollars as of April 26th, 1880, for labor and services rendered by the ward to the guardian, and interest on both items to the day of settlement, and crediting him with sundry items for services rendered by him to the ward, for board and clothing, commissions, attorney's fee and court costs, and ascertaining and decreeing a balance

due from him to the ward of one thousand, fifty-three and 65-100 dollars. At this time, November 12th, 1888, Anna Hartline was still a minor, being represented on this settlement by a guardian *ad litem*. She attained her majority between the date of this settlement and the date of bill filed, which was on June 5th, 1889. Thompson is still in the possession and ownership of the land in question, and claims it as his homestead against the relief sought by the bill. The evidence taken in the case establishes the foregoing averments of the bill to our entire satisfaction; and it is most clear from these that the whole purchase money for the land now held by the respondent, and described in the bill and evidence, was paid by Thompson with trust funds belonging to Anna Hartline and in his hands as her guardian. These facts so manifestly present every element of a resulting trust in her favor, with the right at her election to call for a conveyance of the land to herself, or to have it subjected to sale for her reimbursement, that we deem it only necessary to cite some of the authorities.—2 Brick. Dig. 492 *et seq.;* 3 Brick. Dig. 785, §§ 47–51 *et seq.; Bibb v. Hunter,* 79 Ala. 351; *Bates v. Kelly,* 80 Ala. 142; *Carter Bros. v. Challen,* 83 Ala. 136; *Shelby v. Tardy,* 84 Ala. 327; *Anthea v. Heide,* 85 Ala. 236; *Olds v. Marshall,* 93 Ala. 138; *Lewis v. Mohr,* 97 Ala. 366; 1 Perry on Trusts, §§ 125, 128, 129, *et seq.*

Statutes of limitation do not run against the case made by the bill; and if they did, the original complainant is well within them, having filed her bill immediately upon attaining her majority. The demand she set forth was not stale.

And against such demand, the claim of homestead in the land subject to it is utterly futile : in equity the land is hers or subject to a lien for reimbursement superior to any possible estate or right of the defendant in it; and he is not entitled to have it exempted to him as from the payment of debts, for the proceeding is not, accurately speaking, for the recovery of a debt, but for the recovery of the complainant's property—the land, or the money belonging to her which he paid for it.

Of course where the purpose, as here, is to have the land sold for reimbursement of the money of complainant which has been thus used by her trustee, she is entitled to subject the land to the payment only of any

balance not previously refunded to her. And as far as the record before us shows, the decree below recognized this, and ascertained, and ordered the land sold for, such balance only.

The attempt of the respondent to show that the original complainant was indebted to him for board, clothing, &c., &c., during her minority and his guardianship, and to set off such alleged indebtedness against the demand of the bill, was properly ruled upon by the chancellor. All these items of alleged credit were passed upon on the settlement in the probate court, as this record affirmatively shows, and such of them as were allowed were accomodated in the judgment there rendered. And it is not made to appear here but that the decree of the chancery court was for the balance of the $650, with which the land was paid for, with interest, less such credits as were allowed the guardian on that settlement, and which, as to any balance, after liquidating the ward's claim for services rendered, went in reduction of such purchase money with interest, and are therefore also accommodated in the present decree.

It is no objection to a bill to declare and enfore a resulting trust that the complainant might have sued at law and recovered the money which the defendant has invested in property taking title to himself. Nor in this case, that a judgment on settlement of the guardianship had been entered up in the probate court for the balance ascertained to be due from the guardian to the ward, this not being an election to ratify the breach of trust, but a mere ascertainment of and judgment for such balance which was necessary in the administration of the trust estate as a matter distinct from the remedy now invoked.

The several other points presented by the record, but not insisted on in the brief of counsel further than may be implied by the assertions therein that "the court erred" in this ruling or that, have been considered and found to be without merit.

The decree of the chancery court is affirmed.