[Camody, et al. v. Webster.]

## Camody, *et al. v.* Webster.

### Bill to Enjoin Transfer of Note, and for Specific Performance.

(Decided June 30, 1916.   72 South. 622.)

1. **Bills and Notes; Assignment; Failure; Pleading.**—A bill alleging failure of defendant to assign and deliver a note as agreed, and the sale thereof to other defendants, and praying judgment against the original defendants, if it be ascertained that the other defendants are bona fide purchasers for value, is not demurrable on its face as showing that such others are bona fide purchasers.

2. **Trusts; Relations; Right to Sue.**—The mere fact that complainant might have relief in law because of respondent's refusal to assign and transfer a note as agreed, does not prevent him from maintaining a bill to have the trust relationship which he claims declared and enforced.

3. **Specific Performance; Vendor and Purchaser; Note; Transfer; Parties.** —The transfer of a note for the price of land by delivery merely passes the vendor's lien, but if the legal title to the note still remains in the transferor, he should be a party to the bill to enjoin delivery, and for specific performance of the contract under which the note was given.

4. **Vendor and Purchaser; Purchase Money Note; Transfer; Effect.**— Where the purchase money of land is evidenced by several promissory notes, an assignment of each is pro tanto an assignment of the vendor's lien.

5. **Specific Performance; Trusts; Right to Sue; Other Remedy.**—Bills to enforce trusts in land, or bills in the nature thereof, and to enforce specific performance, are concurrent with or additional to other remedies.

6. **Trusts; Enforcement; Volunteers.**—When a trust is created or arises in favor of a mere volunteer to a transaction, a party may constitute himself a trustee for another merely, and courts of equity will enforce the trust against him.

APPEAL from Morgan Chancery Court.

Heard before Hon. JAMES E. HORTON, JR.

Bill by Frank Webster against M. C. Camody and others, to enjoin and restrain respondents Erwin & Stout from disposing of and transferring a note, or from surrendering it to respondent Camody, or any one else except complainant, and to compel respondents Camody and Quarles, to specially perform said agreement by endorsing and delivering note to complainant. From a decree overruling demurrers to the bill respondents appeal. Affirmed.

W. T. LOWE, and WERT & LYNNE, for appellants.   E. W. GODBEY, for appellee.

[Camody, et al. v. Webster.]

This cause was submitted and considered under rule 46 (175 Ala. vii, 65 South. vii) and Mr. Justice MAYFIELD delivered the opinion of the court.

The bill is filed in a double aspect, one in the nature of a bill to declare and enforce a trust, the other in the nature of one for specific performance. The two reliefs sought are not at all inconsistent, but both are necessary to obtain complete relief, each being complimentary to the other. The alleged trust relates to land, involving the declaring and enforcing of a lien in the nature of a vendor's lien; and the specific performance, or relief in the nature thereof, relates to a note for $1,250 given as part consideration in the purchase of an interest in lands, executed by one respondent to another, involving the compelling of the payee of the notes to assign and deliver the said note to complainant. The bill alleges a contract between complainant and the respondents Camody and Quarles, to both purchase and sell timber rights in certain lands. Complainant, it seems, was serving in a double capacity, in a manner representing both the seller and the purchaser, and he partly financed the deals. However, his dual relation was known to both purchasers and sellers, and there is nothing to show any fraud or wrong on his part.

Camody was to sell the timber rights to Quarles, and complainant was in part to finance the deal. As a part of the purchase price Quarles was to execute a note for $1,250, payable to Camody, and Camody in turn was to indorse or assign the note to complainant, Webster, and deliver it, so indorsed to Quarles who was to deliver it to Webster. The note was executed by Quarles and delivered to Camody; but the latter declined or failed to indorse it to Webster, or to deliver it back to Quarles, who in turn was to deliver it to Webster, but instead transferred and assigned the note to the respondents Stout and Irwin. The allegation of the bill in this respect is: "Instead of turning the said note over to the complainant the said Camody has, complainant is informed and believes, and upon information and belief states the fact to be, transferred and assigned said note to the defendant Stout and Irwin, the precise consideration of such transfer or assignment, or delivery being to the complainant unknown; and the said note is negotiable, and liable to be further transferred."

The prayer is in part as follows: "That * * * the defendant Camody and the defendant Quarles be compelled to specifically perform the said agreement by indorsing and delivering said

[Camody, et al. v. Webster.]

note to the complainant, and that the said Irwin and the said Stout, as an incident to said relief, be compelled to surrender said note to the complainant, to the end that he may present it to the said Camody for indorsement; that in the event it should be ascertained that the said note has been transferred to a bona fide purchaser for value, then the court will hold the said Camody and the said Quarles liable to the complainant for the sum of $1,250 (and interest from the date of said note); and that for said sum and interest the complainant be decreed to have a vendor's lien upon the interest purchased by said Quarles in said land."

The bill undoubtedly contains equity as against Camody and Quarles, and on its face does, as against Stout and Irwin. The bill, however, anticipates the condition that the two latter respondents may, by their answer, show that they are bona fide purchasers of the note, in which case, the bill concedes, no relief could be had against them.

(1, 2) Counsel for appellants, respondents below, are in error in contending that the bill on its face shows Stout and Irwin to be bona fide purchasers of the note. It denies specific knowledge as to whether they are in fact such holders of the note, and therefore seeks to have that fact ascertained—a fact which lies peculiarly within the knowledge of the respondents. The bill was therefore not subject to demurrer on this ground, nor on any other ground alleged and insisted upon. The mere fact that complainant might possibly have relief in a court of law does not prevent his maintaining this bill to have the trust relation declared and enforced for his protection.

(3) The transfer of a note for purchase money of land by delivery merely passes the vendor's lien, but if the legal title to the note still remain in the transferor, he should be a party to the suit.—*Davis v. Smith*, 88 Ala. 596, 7 South. 159; *Owen v. Bankhead*, 76 Ala. 143; 4 Mayf. Dig. p. 1101.

(4) Where the purchase money is evidenced by several promissory notes, an assignment of each is pro tanto an assignment of the vendor's lien.—*Griggsby v. Hair*, 25 Ala. 327; 4 Mayf. Dig. p. 1101.

(5) Bills to enforce trusts as to lands, or bills in the nature thereof, and to enforce specific performance, are concurrent with or additional to other remedies.—39 Cyc. 591, 592; *Lee v. Lee*, 55 Ala. 601; *Thompson v. Hartline*, 105 Ala. 263, 16 South. 711.

[Stone, Treasurer, v. State, ex rel. Holcombe.]

(6) When a trust is created, or arises, in favor of a mere volunteer to a transaction, a party may, as Camody and Quarles did in this case, constitute himself a trustee for another, and a court of equity will enforce the trust against him.—*Compton v. Vasser*, 19 Ala. 266; *Walker v. Crews*, 73 Ala. 418.

It follows that there was no error in overruling the demurrer to this bill.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.