## GOLDRICK et al. v. ROXANA PETROLEUM CO. et al.

No. 9323—Opinion Filed Dec. 17, 1918.

(176 Pac. 932.)

**1. Trusts — Equity Jurisdiction—Constructive Trust.**

The power to establish and enforce a constructive trust is a matter properly cognizable in a court of equity.

**2. Same.**

When the jurisdiction of a court of equity is invoked to establish a constructive trust and enforce the same, the rule which limits the jurisdiction of equity to cases where there is no adequate remedy at law does not apply.

**3. Same—Diversion of Trust Fund—Rights of Cestui Que Trust—Pursuit.**

When a trust fund has been wrongfully diverted, the cestui que trust may, if he so elects, pursue the property so purchased with said fund so long as it is traceable, and have said property impressed with a trust, unless it has come into the hands of a bona fide purchaser for value.

(Syllabus by Davis C.)

Error from District Court, Tulsa County; Conn Linn, Judge.

Action by the Roxana Petroleum Company of Oklahoma and the Roxana Petroleum Corporation against O. V. Goldrick and others. Judgments for plaintiffs, and defendants bring error. Affirmed.

Randolph, Haver & Shirk, for plaintiffs in error.

Rice & Lyons, for defendants in error.

Opinion by DAVIS, C. The parties to this action will be referred to as they appeared in the lower court, that is, the defendants in error as plaintiffs, and plaintiffs in error as defendants.

The plaintiffs are two corporations engaged in the production of oil, and for some years prior to the institution of this action O. V. Goldrick and W. C. Baker were in the employ of plaintiffs. The duties of Mr. Goldrick and Mr. Baker were to examine oil leases which the plaintiffs were desirous of purchasing. The plaintiffs relied in a large measure upon the judgment of Mr. Goldrick and Mr. Baker as to the value and desirability of oil leases that were offered for sale to the plaintiffs. Mr. Goldrick and Mr. Baker commenced work for the plaintiffs some time about 1912, at which time Mr. Goldrick received a salary of $150 per month, and Mr. Baker commenced work at a salary of $125 per month. Their salaries were subsequently increased until Mr. Goldrick was receiving the sum of $4,500 per year and Mr. Baker was receiving a salary of $277 per month. In 1917 the plaintiff Roxana Petroleum Corporation consummated a contract with Isaac Shuler by the terms of which a large tract of oil land was purchased in the Osage Nation. This tract of land covered 3,520 acres, for which the Roxana Petroleum Corporation contracted and agreed to pay the sum of $1,000,000. Mr. Isaac Shuler was acting as an agent of Belmont Oil Company in making this sale. It is charged that Mr. Baker and Mr. Goldrick entered into a

conspiracy for the purpose of defrauding the Roxana Petroleum Corporation out of the sum of $35,000 in this transaction. It appears that the contract was consummated upon the recommendations made by Mr. Baker and Mr. Goldrick as to the desirability of this particular tract of land as oil property, and as a consideration for recommending the purchase of this property to the Roxana Petroleum Corporation the agents of the Belmont Oil Company contracted and agreed to pay Baker and Goldrick the sum of $35,000. This sum of $35,000 was denominated a commission. It was not discovered until after the entire transaction was consummated that Mr. Goldrick and Mr. Baker, who were the confidential employes and agents of Roxana Petroleum Corporation, had received this sum of money. When this matter was brought to the attention of Roxana Petroleum Corporation, Mr. Baker and Mr. Goldrick were called upon to make good the sum of $35,000, which they had received while acting as the confidential agents and employes of said corporation. The evidence shows that Baker and Goldrick frankly admitted to their employers that this sum of money had been paid as a commission for recommending the purchase of this property, but denied that they had received the entire sum. They admitted that they had received two-thirds of the $35,000 for recommending the purchase of this property by the Roxana Petroleum Corporation, and arrangements at one time were made by the terms of which Baker and Goldrick agreed to refund this money to the Roxana Petroleum Corporation, and the necessary papers evidencing said matter were drawn, but for reasons which do not clearly appear in this record Baker and Goldrick repudiated this contract and refused to carry out the terms thereof.

The evidence further shows that Baker and Goldrick during the negotiations by the terms of which it was attempting to adjust this matter admitted to the plaintiffs that the sum of money received by them for making a recommendation for the purchase of this property had been invested in the Oklahoma Producing & Refining Company stock. When the plaintiffs became cognizant of the facts pertaining to this transaction. Mr. Baker and Mr. Goldrick were discharged from the employment of said company, and this action was instituted for the purpose of an accounting, also to discover and ascertain the exact amount of commissions that Goldrick and Baker had received while in the employment of plaintiffs as their confidential agents, and to have the stock that was purchased in the Oklahoma Producing & Refining Company impressed with a con-

structive trust in favor of plaintiffs in this action.

When the suit in question was instituted, a temporary restraining order was issued for the purpose of prohibiting Goldrick and Baker from transferring this stock which the plaintiffs were seeking to have impressed with a constructive trust to an innocent purchaser, and an application was further made to have a receiver appointed for the purpose of taking charge of said stock and holding the same pending the litigation in this action. On the 18th day of July, 1917, a hearing was had and evidence introduced in support of the allegations in said petition. The evidence adduced at said hearing fully supports the charges made against Goldrick and Baker. At the conclusion of the hearing on the application for a temporary injunction, the court issued a temporary injunction restraining the defendants Goldrick and Baker and the Oklahoma Producing & Refining Company from transferring, selling, delivering, pledging, or mortgaging or otherwise disposing of the 2,000 shares of the capital stock of Oklahoma Producing & Refining Company owned by Goldrick and Baker, and the court made a further order appointing Rosco Adams receiver to take charge of and hold the 2,000 shares of capital stock pending the litigation between the parties to this action. From the order of the court in this matter an appeal has been prosecuted to this court for the purpose of having the proceedings had in the lower court reviewed.

There is but one question presented upon which the defendants seek a reversal of this cause. It is the contention of Baker and Goldrick that the trial court was not warranted in issuing a temporary injunction and appointing a receiver, as prayed for by the plaintiffs in this action, for the reason that the plaintiffs had a plain and adequate remedy at law. This contention must be denied. As an abstract proposition of law, it is true that an injunction will not be allowed or a receiver appointed where the party or parties have a plain and adequate remedy at law. This is an action in equity for the purpose of establishing a constructive trust and for the purpose of an accounting. In this case the plaintiffs had the option to recover a money judgment against the defendants Goldrick and Baker or to pursue the property purchased with the funds obtained by Goldrick and Baker in the transaction by which the Roxana Petroleum Corporation purchased the oil and gas leases from the Belmont Company. The plaintiffs have elected to pursue the property purchased with said money and to have impressed thereon

a constructive trust in favor of the plaintiffs, and to have defendants declared trustees, holding the legal title for the use and benefit of the Roxana Petroleum Corporation. The power to impress this property with a constructive trust in favor of Roxana Petroleum Corporation is a matter properly cognizable in a court of equity. This being true, the court had a right to issue such orders as were necessary to give complete and adequate relief in the matter. It has been decided by this court in the case of McCoy v. McCoy, 30 Okla. 379, 121 Pac. 176, Ann. Cas. 1913C, 146, that the subject of trust and the control and regulations thereof are not properly cognizable by courts of law but are exclusively within the jurisdictions of courts of equity. The rule was aptly stated in said case as follows:

"Trusts are children of equity; and in a court of equity they are at home, under the family rooftree, and around the hearth of their ancestor. A court of law may entertain them; but when the case is complicated, especially when it has a flavor of fraud, equity will not banish them and remit the parties to another forum. Equity delights in protecting trusts, and it delights no less in obliging trustees and trust estates to render to all men their dues."

The rule is laid down in 39 Cyc. p. 591, as follows:

"As a general rule the jurisdiction of equity in establishing and enforcing trusts is in addition to and concurrent with any remedies at law the party may have, and the rule which limits the jurisdiction of equity to cases where there is no adequate remedy at law does not, generally speaking, apply; and hence the jurisdiction of a court of equity in such cases is not taken away by the mere fact that the party seeking to enforce the trust also has a remedy at law, especially where the person seeking relief is entitled to a discovery, or where the trustee is bound to state an account of the trust fund or its proceeds."

The foregoing text is supported by the following cases: Thompson v. Hartline, 105 Ala. 263 16 South. 711; People v. Bordeaux, 242 Ill. 327, 89 N. E. 971; Phillips v. Hines, 33 Miss. 163; Farrell v. Farrell, 91 Mo. App. 665; Gutch v. Fosdick, 48 N. J. Eq. 353, 22 Atl. 590, 27 Am. St. Rep. 473; Chaves v. Myer, 13 N. M. 368, 85 Pac. 233, 6 L. R. A. (N. S.) 793; Blake v. O'Neal, 63 W. Va. 483, 61 S. E. 410, 16 L. R. A. (N. S.) 1147; Borchert v. Borchert, 132 Wis. 593, 113 N. W. 35.

Pomeroy, in his work on Equity Jurisprudence states the rule as follows:

"The following are some of the most important classes of cases in which this principle has been applied and the equitable jurisdiction has been exercised, although a court of law may maintain an action or allow a defense upon the same facts, and may give an adequate and perhaps the very same relief: In suits to recover a fund impressed with a trust, or where a trust relation in view of equity exists between the parties, where the plaintiff might recover the same sum by an action of assumpsit for money had and received, or like legal action; in suits involving fraud, mistake, or accident, the equitable jurisdiction being exercised to give appropriate relief to the injured party; although a court of law has assumed power to grant relief either affirmatively by action, or negatively by allowing a defense; in suits growing out of the relation of suretyship, brought by a surety against his principal for an exoneration," etc. Pom. Eq. vol. 1, par. 278.

The facts in the instant case disclose that Goldrick and Baker were confidential employes and agents of the plaintiffs, and that they were intrusted with the highest degree of responsibility. This being true, they owed to their employers the highest degree of faith and fidelity in the discharge of their respective duties. The record discloses that they were unfaithful servants, and attempted to use their position which they occupied for the purpose of amassing a fortune at the expense of plaintiffs, and that they acted adversely to the interests of those who had intrusted them with a degree of confidence that demanded the highest degree of integrity. This being true, upon discovery of the fraud and conspiracy by which Goldrick and Baker were defrauding their employers out of large sums of money, the court had ample jurisdiction to impress whatever property may have been purchased with this money with a constructive trust and have the parties in whose name the property thus purchased stood, except as to innocent purchasers for value, declared trustees holding the legal title in trust for the use and benefit of the plaintiffs.

We are not conceding in this case, and the facts do not warrant such concession, that the plaintiffs had a plain and adequate remedy at law. The only property discovered at the time this suit was instituted consisted of 2,000 shares of capital stock owned by a corporation. It required but a few moments to transfer this property, however valuable it might be, to an innocent purchaser, and the defendants were at liberty when said transfer was made to place the proceeds arising therefrom in their pockets and abjure the jurisdiction of the courts of this state. In fact, the record in this case discloses that one of the defendants was at the time this suit was instituted attempting to evade the service of process. In this class of

cases the courts should not be deprived of any power which enables it to give complete and exact justice to the parties before it.

We therefore hold that the contention of the plaintiffs in error is without merit, and the judgment of the court should be affirmed.

By the Court: It is so ordered.