## ROLLOW v. TAYLOR et al.

No. 12590—Opinion Filed Dec. 2, 1924.

1 Trusts—Fraud—Equity Jurisdiction.

Trusts are children of equity, and equity delights especially when the case has a flavor of fraud, in protecting trusts and in obliging trustees and trust estates to render to all men their dues.

2. Trusts—"Constructive Trusts."

Constructive trusts are such as are raised by equity in respect of property which has been acquired by fraud, or where though acquired without fraud, it is against equity that it should be retained by him who holds it.

3. Trusts—"Resulting Trusts."

A resulting or implied trust is one which arises where the legal estate in property is disposed of, conveyed, or transferred, but the intent appears or is inferred from the disposition or from the accompanying facts and circumstances that the beneficial interest is not to go or be enjoyed with the legal title. It may result from the fact that one man's money has been invested in land and the conveyance taken in the name of another

or from other circumstances where intention is an essential element.

### 4. Trusts — Facts Sufficient to Establish Trust.

In the instant case the defendant agreed with the plaintiff, an ignorant negro freedman, that as a consideration for the making of an agricultural lease on plaintiff's land, defendant would take up certain mortgages against the same. After the commencement of suit to foreclose the first mortgage defendant further agreed to take care of said claim. Defendant, in violation of his agreements and contrary to the same, permitted the foreclosure proceedings to proceed, became the purchaser thereat, securing a sheriff's deed to the premises and attempting to evict plaintiff. Held, that equity will impose a trust on said lands in favor of plaintiff and will hold defendant to be a trustee for plaintiff in the acquisition of the sheriff's deed. and will compel a conveyance of title to the true owner.

(Syllabus by Lyons, C.)

Commissioners' Opinion, Division No. 2.

Error from District Court, Pontotoc County; John L. Coffman, Assigned Judge.

Action by John Taylor et al. against W. H. Rollow.| Judgment for plaintiffs, and defendant appeals. Affirmed.

C. F. Green, for plaintiff in error.

Thomas P. Holt, for defendants in error.

Opinion by LYONS, C. Plaintiff sued defendant for the purpose of declaring a trust in certain real estate which defendant held by virtue of a sheriff's deed executed pursuant to a judgment in foreclosure proceedings covering the lands in controversy.

It was alleged and proved that the plaintiff was an ignorant negro freedman unable to read or write; that he had been the owner of the land in controversy; that on January 11, 1915; there were two incumbrances in the form of real estate mortgages on said land: (1) A first lien held by Mary E. Baker to secure an indebtedness of $600 with an accruing interest of $45; (2) a second mortgage to secure an indebtedness in the sum of $160; that the defendant for the consideration of a ten year agricultural lease on 20 acres of land, agreed to pay all of the indebtedness against the plaintiff's farm. Said indebtedness being that secured by said mortgages. Said consideration was not recited in the lease, but it is Hornbook law that same may be proved by parol.

It appears further that when the foreclosure proceedings were initiated by the owner of the first lien mortgage against the plaintiff in this action, he advised the defendant herein, and defendant agreed to take care of said claim. It further appears that the lands at said time were reasonably worth $1,500; that defendant in violation of his agreement to pay off said mortgage in consideration of the granting of the agricultural lease, and in further violation of his agreement to care for the claim after suit had been commenced, bought in the land at the sheriff's sale, securing the sheriff's deed to himself, and later attempting to evict plaintiff as a trespasser.

The defendant contends that his agreement bound him only to pay off the second mortgage in the sum of $160. The issues of fact were submitted by the court sitting in chancery to a jury and the jury found for the plaintiff. The court sustained the finding of the jury, adopted the same as its finding, and rendered a judgment for plaintiff.

We have weighed the evidence and are satisfied with the correctness of the conclusion of the trial court on the facts.

It is contended by appellant that this action in equity is a collateral attack upon the judgment of the district court in the foreclosure proceedings, and since the contentions relative to the testimony have already been resolved adversely to appellant's contention, this assignment of error is the only one left for consideration. We think there is no merit whatever in the contention.

This is an action based on fraud, the purpose of which was to declare a constructive trust. Fraud was proved to the satisfaction of the jury and the court, and the evidence satisfies us, and we concur in the conclusion reached by the court below.

The power to establish and enforce a constructive trust is a matter properly cognizable in a court of equity. Goldrick v. Roxana Petroleum Co., 74 Okla. 55, 176 Pac. 932.

The rule laid down by the foregoing decision is:

"When the jurisdiction of a court of equity is invoked to establish a constructive trust and enforce the same, the rule which limits the jurisdiction of equity to cases where there is no adequate remedy at law does not apply.

"When a trust fund has been wrongfully diverted, the cestui que trust may, if he so elects, pursue the property so purchased with said fund, so long as it is traceable, and have said property impressed with a trust unless it has come into the hands of a bona fide purchaser for value."

Ruling Case Law further lays down the rule:

"So a constructive trust will be held to exist where prospective bidders at a judicial sale, believing that the promisor in the oral

agreement was buying for the promisee whose land was being sold to satisfy debts against him, refrained from bidding; where the promisee in the oral agreement refrained from bidding on account of the agreement; and where the promisee relaxed his efforts to save the property from being sold at the judicial sale. So also it has been held that a trust will exist where the promisee relaxed his efforts to prevent a sale at a sacrifice; where the promisee under such an agreement furnished the purchase money or a part thereof; and where the promisor in the oral agreement bought in the property at a price greatly below its value." 26 R. C. L., section 91, page 1245.

The decision could be sustained on the theory that the transaction created a resulting or implied trust by reason of the failure of the defendant to apply the consideration for the agricultural lease to the payment of the debt. Instead of applying such consideration defendant used the same for the purpose of acquiring title in himself. Such a situation comes within the rule laid down by the following authorities: McCaleb v. McKinley, 80 Okla. 38, 194 Pac. 105; McCoy v. McCoy, 30 Okla. 377, 121 Pac. 176; Hayden v. Dannenberg, 42 Okla. 776, 143 Pac. 859; Flesner v. Cooper, 62 Okla. 263, 162 Pac. 1112; Cousins v. Wilson, 94 Okla. 29, 220 Pac. 923; J. I. Case Threshing Machine Co. v. Walton Trust Co., 39 Okla. 748, 136 Pac. 769.

The rule is that resulting or implied trusts are those which arise where the legal estate in property is disposed of, conveyed, or transferred to one person, but the intent appears or is inferred from the term of the disposition or from accompanying facts or circumstances, that the beneficial interest is not to go or be enjoyed with the legal title; since in such case, a trust is implied or results in favor of the person for whom the equitable interest is assumed to have been intended, and whom equity deems to be the real owner. In such case equity will require the legal title to be conveyed to the beneficial owner.

In any event, whether it be held that the evidence discloses a constructive trust based on the fraud of the defendant, or an implied and resulting trust based on the oother circumstances enumerated, the legal title taken by the defendant as purchaser at the sheriff's sale inured to the plaintiff, for whose benefit in equity it must be deemed to have been acquired.

The judgment of the trial court is correct and must be affirmed.

By the Court: It is so ordered.