## SOUTHERN COAL CO. v. McALPINE COAL CO. et al.

No. 25092.    April 7, 1936.

Guy L. Andrews, for plaintiff in error.

Fuller & Porter, for defendants in error and receivers.

Geo. L. Hill, for interveners.

M. O. Counts, for garnishee, Bank of Hartshorne.

PER CURIAM. In this case the Southern Coal Company brought suit against the McAlpine Coal Company to recover the sum of $2,800. The facts involved are about as follows:

On March 1, 1933, the McAlpine Coal Company. not being able to pay its bills, got in touch with the Southern Coal Company, with which it had done business in the past, and asked for a loan of $2,800 with which to meet its pay roll. Upon inquiry as to what security could be given for the loan, the McAlpine Coal Company, by its officers, informed the Southern Coal Company that it had 22 cars of unsold coal on its tracks and that would be shipped to the order of the Southern Coal Company. The money representing the loan was forwarded to the Bank of Hartshorne, by the Southern Coal Company, for deposit to the account of the McAlpine Coal Company, to be used in paying the pay roll. About $1,200 of pay roll checks were paid by the bank prior to the institution of this suit. This suit was to recover judgment against the McAlpine Coal Company for the $2,800 and to recover the actual amount of the $2,800 remaining in the bank, by garnishment proceedings, on account of fraud practiced by the McAlpine Coal Company on the Southern Coal Company in procuring the loan. The truth was that instead of having 22 cars of unsold

coal on the tracks the McAlpine Coal Company had only some five or seven cars of unsold coal. Hence, the loan was procured by a fraudulent misrepresentation. The evidence disclosed that of the $2,800 so deposited in the Bank of Hartshorne, $1,597.31 remained in the bank.

Sundry persons intervened in the action, and established the fact that checks had been issued to them by McAlpine Coal Company; that these checks had been presented to the bank and payment refused because of the garnishment. Most of the persons intervening were miners who had done work and labor in the mining of coal for the McAlpine Coal Company, but among the interveners is found the name of the attorney for the company, the president and secretary and treasurer of the McAlpine Coal Company, a motor company, as well as United Mine Workers of America, the last with a claim for $120. The interveners jointly and severally claimed that the funds remaining in the bank representing the proceeds of the loan were a trust fund for the payment of the amount due them, and for which checks had been issued.

Receivers had been appointed in the meantime for the McAlpine Coal Company, and the receivers claimed the money belonged to them. The trial court entered judgment in favor of the Southern Coal Company against the McAlpine Coal Company, but denied the right of the Southern Coal Company to recover the balance of the loan money remaining in the bank, entered judgment for the sundry persons as interveners for the amount claimed to be due each of them, and directed that they be paid out of the funds remaining in the bank representing the balance of the proceeds of the fraudulently obtained loan.

Obviously, the president and secretary and treasurer of the McAlpine Coal Company, who fraudulently obtained the loan, should not be permitted to profit by their fraud. It is also difficult to conceive as to how money originally intended to pay a pay roll could be diverted to the payment of $120 to United Mine Workers of America or to a motor company or to an attorney, but regardless of these observations we are at a loss to see what interest in the fund was ever obtained by persons who might have worked for the McAlpine Coal Company. It was conceded that their claim represented money due them for work prior to March 1, 1933, the date of the alleged loan, and that their claims did not arise by reason of work performed by them in reliance upon the loan.

There is one contention made, however, with reference to the fact that in the middle of the night of March 1, 1933 a person, representing himself to be the assignee of certain claimants and attorney in fact for others, filed a petition to restrain the moving of some cars of coal belonging to the McAlpine Coal Company by the railroad company. No summons was ever issued, and the next day the restraining order which had been entered on the petition was dissolved. The plaintiff knew nothing of this proceeding.

Some of these cars undoubtedly came into the control of the Southern Coal Company, and it received some $900, representing the proceeds of the sale of the coal in the cars which amount was some $200 less than the amount of pay roll checks paid from the original loan by the Bank of Hartshorne, resulting in a net loss to the Southern Coal Company of that amount.

As between the Southern Coal Company and McAlpine Coal Company, the former could follow the actual money and recover it. This recovery could be had against any third party who was not in the position of lien claimant with an equity superior to Southern Coal Company's equity. A check constitutes no assignment of or lien upon bank deposits. Section 11488, O. S. 1931; Ballen & Freedman v. Bank of Kremlin, 37 Okla. 112, 130 P. 539.

It is contended that the Southern Coal Company is estopped to recover the balance of the actual credit or money remaining in the bank as against the interveners whose names were on the pay roll. We cannot see where any ground for estoppel was shown at the trial.

This court recently held, in the case of Rosser v. Texas Co., 173 Okla. 309, 48 P. (2d) 327, that no estoppel could arise in favor of a party unless the party had changed his position for the worse, and unless the party against whom the estoppel was sought had knowledge of the facts and did something inconsistent with the position asserted.

It appears conclusively that as soon as the Southern Coal Company discovered the fraud, it acted without delay. It does not appear that the interveners have suffered any actual damage on account of any action of the Southern Coal Company. Neither does it appear that they will not be able to collect the money due them from the receivers of the McAlpine Coal Company. The miners have a statutory prior lien on all assets of the McAlpine Coal Company for

the amount due them for labor. Hence, the estoppel contended for does not obtain.

Since the bank balance remaining to the credit of the McAlpine Coal Company has been shown to be actual proceeds of the loan fraudulently obtained from the plaintiff, Southern Coal Company, the plaintiff is entitled to impress a trust upon said balance and to recover the same. Lewis v. Schafer 163 Okla. 94, 20 P. (2d) 1048; Pollack v. Leonard & Braniff, 112 Okla. 276, 241 P. 158; Goldrick v. Roxana Petroleum Co., 74 Okla. 55, 176 P. 932.

The judgment of the trial court, in so far as it denies the right of the Southern Coal Company to recover the sum of $1,597.31, the amount of its loan to the McAlpine Coal Company remaining in the Bank of Hartshorne, is reversed, as well as the holding of the trial court in entering judgment in favor of interveners and against the Southern Coal Company, and the court is directed to enter judgment in favor of the plaintiff, Southern Coal Company, against the Bank of Hartshorne and the interveners directing that the said $1,597.31 be paid to plaintiff.

The cause is, therefore, reversed and remanded to the trial court, with directions to enter such further proper orders and judgments as are not inconsistent herewith.

The Supreme Court acknowledges the aid of Attorneys Wilbur J. Holleman, W. C. Henneberry, and John A. Haver in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Holleman and approved by Mr. Henneberry and Mr. Haver, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration by a majority of the court, this opinion was adopted.

McNEILL, C. J., OSBORN, V. C. J., and RILEY, BUSBY, and PHELPS, JJ., concur.