## FIRST NATIONAL BANK IN FREDERICK v. WHITELOCK et al.

No. 27583. Nov. 23, 1937.

Rehearing Denied Dec. 21, 1937.

Mounts & Chamberlain and R. L. Farrington, for plaintiff in error.

Jones & Clift, for defendants in error.

PHELPS, J. The defendant had approximately $600 on deposit in a bank. He issued to various persons who are not parties to this action a large number of checks, totaling an amount far in excess of the deposit. A sufficient number of these checks to exceed the deposit were presented to the bank at approximately the same time, and the bank refused payment on all of them, giving as a reason its inability to determine which checks to honor or which to dishonor. We are not concerned with the sufficiency of the bank's reason for refusing acceptance of the checks. The point of importance for the purpose of this case is that it refused them.

While those checks were outstanding and unaccepted the plaintiff sued the defendant on a labor bill and garnisheed the bank. The bank answered, setting forth the foregoing and other facts, and denied liability. The plaintiff took issue with the garnishment answer. Upon hearing, the trial court sustained the garnishment, and the bank appeals. A default judgment was entered against the defendant, which judgment became final, and the present controversy is entirely between the plaintiff and the garnishee over the question whether the deposit was subject to garnishment.

The plaintiff in error garnishee presents five propositions which are all akin and involve the same principles, overlapping to some extent.

The first of such contentions is that the court erred in rendering judgment against the garnishee when the evidence showed doubt as to whether the funds in controversy were due to the defendant absolutely and beyond contingency. A debt which is not yet due may be garnisheed and thereby subjected to future payment, but no merely possible debt, whether of the present or future, may be garnisheed if it depends upon a contingency which is not bound to happen. Section 629, O. S. 1931, 12 Okla. St. Ann., sec. 1186; Jacobs v. Colcord, 136 Okla. 158, 275 P. 649; Ray v. Paramore, 170 Okla. 495, 41 P. (2d) 73. The bank asserts that the holders of the checks may be entitled to the fund on deposit, or the fund may be apportioned between them pro rata upon final judgment of an action by the owners of said checks against the bank, which action is now pending; and further, that if the fund belongs to the check holders, it does not belong to the defendant, and that it cannot be said to belong to the defendant until and unless the other action is decided in favor of the bank. But that contention overlooks the fact that the bank refused and still refuses acceptance of the checks, **and so admits in the present case.**

It further overlooks an important rule of law, namely that

"A check of itself does not operate as an assignment of any part of the funds to the credit of the drawer with the bank, and the bank is not liable to the holder, unless and until it accepts or certifies the check."

Section 11488, O. S. 1931; First Nat. Bank of Durant v. School District. No. 4, 31 Okla. 139, 120 P. 614, 39 L. R. A. (N. S.) 655; Ballen, etc., v. Bank of Kremlin, 37 Okla. 112, 130 P. 539, 44 L. R. A. (N. S.) 621; Citizens Bank of Gans v. Mabray, 90 Okla. 63, 215 P. 1067; Bell-Wayland Co. v. Bank of Sugden, 95 Okla. 67, 218 P. 705. In particular, see Southern Coal Co. v. McAlpine Coal Co., 176 Okla. 492, 56 P. (2d) 413, in which case the interveners were in the same position as the check holders in the present case, and this court denied them recovery because "a check constitutes no assignment of or lien upon bank deposits," in the absence of acceptance or certification thereof by the bank. Therefore it is apparent that the argument of the bank is predicated upon the prediction of a possibility which cannot legally happen (see below, under the second proposition). To the date of the judgment in the instant case the bank had refused to accept the checks. It therefore did not owe the holders of the checks. Section 11488, supra. But it did owe **someone.** To whom, then, did it owe the fund? Obviously, and beyond any contingency, to the defendant, who, as between him and the bank, could have stopped payment on any of the checks prior to acceptance or certification.

Plaintiff in error's second proposition is:

"The court erred in rendering judgment against the bank (the garnishee) while the funds in question were being claimed by other parties."

This proposition would be meritorious if the facts brought the case within its application. As a general rule it is true that where third parties are claiming actual ownership of the fund being garnisheed the trial court should not sustain the garnishment until the relative rights of said third parties have been adjudicated. The authorities cited by the plaintiff in error on this

proposition are the following. In Huff v. Oklahoma State Bank, 87 Okla. 7, 207 P. 963, a wife filed a divorce action against her husband, joining a bank as defendant. Eight hundred fifty dollars had been deposited in the bank by the husband in his own name, but it was claimed by the wife that this money actually belonged to her. She notified the bank not to pay out the money, and the bank acceded to this request for nine days, at the end of which time, the wife having taken no steps to obtain the money, the bank paid it to the husband, in whose name it was held, when he presented his check for that amount and demanded the money. In the trial court it was held that the bank was not liable to the wife, and she appealed. In this court the judgment was affirmed, it being remarked in the opinion that upon being notified by the wife, it was the duty of the bank to hold the funds a reasonable length of time, and that what was a reasonable length of time was a question of fact for the jury. The following excerpt from that opinion makes it clear that the question in the case related to a situation where an **actual ownership of the funds** was being asserted by the third party, which is a different situation from the case where third parties are merely trying to fasten upon said funds in satisfaction of their claims:

"In regard to money deposited in the bank in the name of one person, and **claimed** by a third party, the general rule appears to be as follows: 'The law presumes that a deposit belongs to a person in whose name it is entered, and the bank cannot question his right thereto, and may lawfully pay it out on his order. * * * If a deposit is **claimed** by a person other than the depositor who forbids the bank from paying it to any person other than himself. the bank may be held liable for a disregard of such notice in case the claim is substantiated. * * * However, the bank cannot be required to hold the money beyond a reasonable time in order for the claimant to assert his rights, and, if he fails to assert them within such time, he is estopped.' See 7 C. J. 639, 640."

7 C. J. 679, also quoted by plaintiff in error, is:

"Where a bank has notice that money deposited **belongs** to a person **other than** the depositor, it may refuse to pay a check of the depositor: and if a bank, with notice of a suit over the ownership of a deposit, pays out the money, it does so at its peril."

It is conceded the check holders in the instant case have never contended that the money in the bank in the name of the plain-tiff actually belonged to said check holders; what the check holders do claim is that they have a right to fasten upon said fund in satisfaction of their checks. It is obvious that by reason of section 11488, O. S. 1931, supra, the check holders could not claim that they own any part of the fund, nor could they even claim that there has been any assignment of any part of the fund to them. We are among those states wherein a check does not work an assignment of the depositor's funds, and the difference which that fact may cause is stated in 7 C. J. 671, as follows:

"Where a check is not regarded as an assignment, the bank should not pay any check given previously to the attachment but presented subsequently; but where the giving of a check works an assignment of the deposit. pro tanto, the amount thus transferred cannot be attached by a creditor of the maker, and consequently a check given before the attachment of such deposit, although not presented until afterward, should be paid to the holder."

The bank also cites Dolph v. Cross, 153 Iowa, 289, 133 N. W. 669, wherein it was held that a deposit which was sought to be attached was subject to a claim by the holder of a check drawn upon said deposit before the garnishment. Turning to that case, we find unusual circumstances taking it out of the general rule. There the deposit was made for the specific purpose of meeting the particular check in question, and the bank was told by the depositor that such was the depositor's purpose in depositing said fund. Furthermore, the bank understood that it received the money for the express, restricted purpose of paying the particular check. The court therefore held that

"The deposit was special, and not general. It was made for the benefit of the particular check holders. The bank received it as such."

In that state the Negotiable Instrument Act was in effect, as in this state, and the statute provided that a check of itself does not operate as an assignment of any part of the funds to the credit of the drawer, but it was held that the check holders were not relying upon the "check of itself," and that the claim was based not only upon the check "but upon the further fact that a special deposit was made to meet this very check after the issuance thereof. The bank, having received the deposit for such specific purpose, was bound by the conditions imposed."

434

Quotations from 12 R. C. L. 858, cited by plaintiff in error, clearly contemplate the situation which exists when some third party is claiming, not the right to satisfy his debt out of the funds on deposit, but is claiming actual ownership of the money or the deposit.

It is not contended that any check holder in the instant case is claiming actual ownership of the funds in question. If the rule which is applicable to the class of cases where the third party is claiming actual ownership should be applied to the instant case, it clearly would be a misapplication of the rule, for the giving of a check does not vest the check holder with ownership of the funds on deposit in the bank, nor does it even work as an assignment to him of the funds, unless and until the bank accepts or certifies the check. But the bank admits that it has neither accepted nor certified any of the checks, which makes it a clear case. So far as the record shows, the bank is still resisting the action by the check holders. In the present case the bank is in the position of contending that, although it has presented a perfect defense to the action by the check holders, it may lose that action for some reason or other kept entirely secret by the bank in this action, with which we have not been made familiar. The law may not be evaded in this manner. The bank may not defeat the order of the court requiring it to pay over the defendant's money to the plaintiff, by anticipating that the court will commit an error of law in the other action. Neither can we anticipate any such event, for it must be remembered that the facts of the case are that the bank has refused to accept the check, and that in such case section 11488, supra, expressly provides that the bank is not liable to the check holders.

Furthermore, we do not overlook the fact that the bank has had its opportunity to bring the check holders into this case as parties, and has failed to do so. It could have paid the money into the court and been entirely relieved from any worry over the matter. The record shows that the plaintiff filed a motion asking that the bank be required to name the third parties who were making claims against the fund. The plaintiff has thus done all things possible to clarify the situation. The garnishee bank has made no similar effort. Section 627, O.

S. 1931, 12 Okla. St. Ann., sec. 1184, provides that in such a case as this the claimants may be interpleaded as defendants to the garnishee action, that thereupon the garnishee may pay the money into the court and be discharged from all liability to any party to the action for the amount so paid in.

In the third proposition it is claimed that the court erred because the judgment gave the plaintiff greater rights against the bank than the defendant could have obtained if the defendant had sued the bank. However, so far as the record shows, the defendant could have recovered the deposit from the bank. The bank brings to our attention the fact that the defendant did sue the bank, in another action, and that the latter prevailed, but the pleadings in that action, which were introduced in evidence in this case, reveal that it did not involve the deposit now under consideration, but did involve an entirely separate and distinct controversy. In fact the bank in that case, by way of surplusage, admitted the holding of the deposit in question, and does not now contend that the verdict in that case is res judicata of its liability to the defendant as to the approximate $600 constituting the deposit.

The fourth proposition is that the court erred in rendering judgment against the bank when the bank had valid defenses which it could have asserted against the defendant. It is true that defenses with which the garnishee could defeat an action brought against him by the defendant are equally efficient when interposed by him in the garnishment proceedings, but the brief fails to describe any such alleged defenses other than those already discussed.

The fifth and final proposition is that the court erred in rendering the judgment appealed from, prior to final determination of the issues in the action brought by the check holders against the bank. No argument or citation of authority is supplied in the brief under this proposition, but regardless thereof, we have considered the same question under propositions one and two above.

The judgment is affirmed.

OSBORN, C. J., and RILEY, CORN, GIBSON, HURST, and DAVISON, JJ., concur. BAYLESS, V. C. J., and WELCH, J., dissent.