**L. C. JONES TRUCKING COMPANY, Plaintiff in Error,**

**v.**

**R. L. CARGILL, Defendant in Error.**

**No. 36377.**

Supreme Court of Oklahoma.

March 29, 1955.

Rehearing Denied April 26, 1955.

[redacted]

[redacted]

Appeal from Common Pleas Court, Oklahoma County; Carl Traub, Judge.

Action by R. L. Cargill against L. C. Jones Trucking Company, Inc. a corporation. Judgment for plaintiff, and defendant appeals. Affirmed.

Sam S. Gill, Oklahoma City, for plaintiff in error.

Cargill & Cargill, John Chiaf, Oklahoma City, for defendant in error.

WELCH, Justice.

The plaintiff alleged a balance due from the defendant in a transaction wherein the plaintiff furnished a truck and truck driver for the use of the defendant in the conduct of its general trucking business, and wherein, at the instance and direction of the defendant, said truck and services of the truck driver were used in the transporta-

tion of certain cargo of certain weight and to a certain destination. Plaintiff alleged that the defendant had agreed to pay him for use of the truck and services of the truck driver 75% of the consideration for the transportation of said cargo calculated at a certain rate charge per hundred pounds; that the weight of the cargo shipped was 20,800 pounds and the defendant has paid to the plaintiff a certain sum calculated on a lesser weight load. The plaintiff claimed a balance due him from the defendant in the amount of $359.69.

The defendant admitted the lease and use of the plaintiff's truck as alleged by the plaintiff. The defendant stated that it had paid in full on the cargo weight turned in by the plaintiff, and on which weight the defendant was paid by the shipper, and that a greater weight later claimed by the plaintiff was not correct, but whether it was or not, the defendant had fulfilled its contract with plaintiff, and that plaintiff in turning in the first weight had estopped himself from collecting from defendant any additional sum or claiming any additional sum because of his own mistake in his first report of the cargo weight.

The defendant further stated that if the later claimed weights submitted by the plaintiff were and are correct, then under the correct tariff rates as applied to said claimed additional weight, the plaintiff in no event would be entitled to more than an additional sum of $135.

According to testimony the plaintiff's truck and another's truck were loaded with cargo at Tulsa, Oklahoma, and were then driven to a point in Montana, where the cargo was delivered, all at the instance and direction of the defendant. At a certain point enroute the trucks with cargo were separately weighed. After delivery of the cargo the driver of the plaintiff's truck reported at the defendant's office that he had caused the truck with cargo to be weighed, but that he had lost or misplaced his weight ticket and could recall only that his weight load was 1,100 pounds less than the weight load of the accompanying truck. Thereafter the defendant paid to the plain-

tiff a certain sum based on a weight load of 10,260 pounds. Thereafter the plaintiff requested additional compensation from the defendant, based on a weight load of 20,800 pounds, which request was refused.

The plaintiff testified, in substance, that he leased his truck to the defendant with the understanding that the plaintiff was to receive 75% of the total proceeds the defendant was to receive based on the net load hauled by the said truck.

The driver of the accompanying truck on the Montana trip testified, in substance, that the pay load on his truck on said trip was 21,960 pounds, and that he was compensated by the defendant on the basis of said weight; that he witnessed the weighing of the plaintiff's truck on said trip and that there was a difference of exactly 1,100 pounds in the weight of the two trucks, the plaintiff's truck being 1,100 pounds lighter than the truck that belonged to the said witness.

The defendant presented testimony to the effect that the driver of the plaintiff's truck, after return from Montana, presented his papers related to the shipment, but stated that he had lost his weight ticket of the load, but that he remembered what he had on the truck and the weight thereof. A weight ticket was then prepared in the office of the defendant showing weights, as were there stated by the said driver to be correct. Upon said weight ticket, which reflected a cargo weight of 10,260 pounds, the defendant billed the shipper and the shipper paid the defendant's bill based on said cargo weight. The defendant paid the plaintiff on a basis of said weight of 10,260 pounds. Thereafter the plaintiff claimed the cargo weight was 20,800 pounds and claimed additional compensation was due the plaintiff from the defendant. The defendant submitted a like claim of additional weight of cargo to the shipper, and a claim for additional compensation from the shipper, which claim the shipper has refused to pay. The defendant has refused any further payment to the plaintiff.

It was admitted that said additional weight with proper tariff rates applied would produce such sum that 75% thereof would be $135.

The jury returned a verdict for the plaintiff, fixing the recovery at $135.04. Judgment was entered in accord with the verdict.

The defendant contends there was no evidence to show a breach of contract and hence no right to a recovery by the plaintiff.

Argument is presented on a basis that the evidence shows an agreement of the parties that the plaintiff was to receive 75% of the consideration collected by the defendant from its shipper of cargo hauled in the plaintiff's truck, and that the defendant has paid to the plaintiff 75% of the defendant's collection from his shipper in the instant transaction.

■ We find the evidence permits a finding that an agreement existed between the parties whereby in a use of the plaintiff's truck the defendant had agreed to pay the plaintiff 75% of a fixed charge for the transportation of cargo determined by application of established rates to the cargo weight, and that under said agreement and in the instant transaction there remains a certain balance due and owing to the plaintiff by the defendant. Accordingly we find the verdict and judgment is supported by competent evidence.

The defendant assigns error in the refusal of the trial court to instruct the jury as to the defendant's plea of estoppel.

In argument reference is drawn to the testimony that plaintiff's truck driver on return from the Montana trip reported that he had lost his weight ticket or the record of the weight of the truck load, and that he reported his recollection of the cargo weight to the defendant and that in basis of the weights so given the defendant billed and collected from the shipper, and that the shipper has since refused to pay on the basis of a greater weight as that claimed by the plaintiff against the defendant.

An essential element necessary to create an estoppel is that there exist a false representation of concealment of material fact.

756

 Rules applicable to a defense of estoppel are set forth in the case of Rosser v. Texas Co., 173 Okl. 309, 48 P.2d 327, 328, as follows:

"The essential elements necessary to create an estoppel are: First, there must exist a false representation or concealment of material facts. Second, it must have been made with knowledge, actual or constructive, of the facts. Third, the party to whom it was made must have been without knowledge, or the means of knowledge, of the real facts. Fourth, it must have been made with the intention that it should be acted upon. Fifth, the party to whom it was made must have relied on or acted upon it to his prejudice.

"A person relying on an estoppel must have exercised such reasonable diligence as the circumstances of the case require, and if he conducts himself with a careless indifference to the means of information reasonably at hand or ignores highly suspicious circumstances, which should warn him of danger or loss, he cannot invoke the doctrine of estoppel.

"No estoppel arises where the party setting it up is under as great obligation to inform the person sought to be estopped of the real facts as the latter is to inform himself. There can be no estoppel where the truth is known to both parties, or where they both have equal means of knowledge."

 We find no evidence in anywise reasonably tending to show a false representation or concealment of material facts on the part of the plaintiff and the evidence pertaining to the agreement between the parties, in any permissible theory of the nature of the contract, shows that both parties were under obligation to inform themselves and the other of the real facts as to the weights of the cargo hauled in the plaintiff's truck. In short, we find no evidence reasonably tending to sustain the defendant's plea of estoppel. It is elementary that an issue presented in pleading and not presented in proof does not present an issue submissi-

ble to a jury. Accordingly, herein, we hold the trial court did not err in refusing to instruct the jury in reference to the defendant's plea of estoppel.

The judgment is affirmed.

JOHNSON, C. J., and CORN, DAVISON, HALLEY, BLACKBIRD and JACKSON, JJ. concur.

WILLIAMS, V. C. J., dissents.