931 F.2d 62
 Unpublished Disposition
NOTICE: Tenth Circuit Rule 36.3 states that unpublished opinions and orders and judgments have no precedential value and shall not be cited except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel.
Richard Lee DOWLING, Plaintiff-Appellant,
National Fire Insurance Company of Hartford, Intervening Plaintiff,
v.
JOHNS-MANVILLE SALES CORPORATION, Defendant-Appellee.
 No. 82-1632.
 United States Court of Appeals, Tenth Circuit.
 April 25, 1991.
 
 Before STEPHEN H. ANDERSON, TACHA and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 TACHA, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff-appellant Richard Dowling sued defendant-appellee Johns-Manville Sales Corporation (J-M) and fifteen other defendants alleging he had contracted asbestosis as a result of exposure to asbestos. All the defendants except J-M settled with plaintiff and have been dismissed from this action. J-M moved for summary judgment, arguing plaintiff's product liability claim was barred by the applicable statute of limitations. The district court granted this motion.
 
 
 3
 We review a district court's summary judgment under the same standard that court applies pursuant to Rule 56 of the Federal Rules of Civil Procedure. Osgood v. State Farm Mut. Auto. Ins. Co., 848 F.2d 141, 143 (10th Cir.1988). In determining whether there is a genuine issue of material fact, we view all facts and inferences in the light most favorable to the non-moving party. Burnette v. Dow Chemical Co., 849 F.2d 1269, 1273 (10th Cir.1988).
 
 
 4
 On October 11, 1977, plaintiff was informed by his physician that he was suffering from an asbestos-related lung injury. This diagnosis was allegedly confirmed by other physicians in late November 1977 and early January 1978. Plaintiff admitted in his deposition and answers to interrogatories that he learned he was suffering from asbestosis in October 1977. On November 30, 1977, plaintiff filed a worker's compensation claim, alleging he suffered from "[p]ermanent damage to lungs, pulmonary fibrosis, probable asbestosis."
 
 
 5
 Plaintiff filed his complaint in this action on August 31, 1979. On September 5, 1979, the United States Marshal attempted to serve J-M by service on its service agent, The Corporation Company. A representative of The Corporation Company mistakenly advised the Marshal it was not the service agent for J-M. The Corporation Company had in fact served as J-M's service agent since April 3, 1978. On September 7, 1979, the Marshal's return indicating J-M had not been served was filed with the clerk's office. A copy of this document was mailed to plaintiff's counsel. Plaintiff admits he received a copy of the Marshal's return. An alias summons was issued by plaintiff on January 29, 1980. J-M was served with this summons on February 1, 1980.
 
 
 6
 Under Oklahoma law applicable at the time this suit was commenced, a cause of action for injuries resulting from repeated exposure to a harmful substance accrues when the effect of such exposures becomes manifest in a manner demonstrating a causal relationship to that substance. Kirkland v. General Motors Corp., 521 P.2d 1353, 1361 (Okla.1974). The two-year statute of limitations found in Okla.Stat. tit. 12, Sec. 95 is applicable to product liability claims. Id. An action is deemed commenced as to each defendant on the date summons is served on that party. Okla.Stat. tit. 12, Sec. 97.[1] That statute also provides:
 
 
 7
 An attempt to commence an action shall be deemed equivalent to the commencement thereof, within the meaning of this article, when the party faithfully, properly and diligently endeavors to procure a service; but such attempt must be followed by the first publication or service of the summons, or if service is sought to be procured by mailing, by a receipt of certified mailing containing summons, within sixty (60) days.
 
 
 8
 The district court determined the final day of the two-year limitations period was October 11, 1979. Because J-M was not served with the alias summons until February 1, 1980, the court concluded the action was barred.
 
 
 9
 On appeal, plaintiff contends J-M is equitably estopped from raising the statute of limitations defense because service on J-M would have been accomplished on September 5, 1979 but for the misrepresentations or avoidance of service by The Corporation Company. Plaintiff argues that but for the actions of The Corporation Company, service on J-M would have been accomplished on September 5, 1979.
 
 
 10
 If a person induces another to let the limitations period expire, and if such inducement is of such a character as to make it unjust to permit the statute of limitations period act as a bar, the defendant will be estopped to assert this defense. Matter of Adoption of Lori Gray W., 589 P.2d 217, 222 (Okla.1979). A plaintiff cannot assert estoppel, however, if he does not exercise reasonable diligence to learn the truth. Rosser v. Texas Co., 48 P.2d 327 (1935).
 
 
 11
 Viewing the facts and inferences in the light most favorable to plaintiff, we conclude plaintiff failed to exercise reasonable care in attempting to serve J-M. The record reveals plaintiff could have easily discovered The Corporation Company was in fact J-M's service agent by examining the records on file with the Secretary of State. Instead, plaintiff did not attempt to serve J-M until five months later. Plaintiff therefore cannot raise the doctrine of estoppel. We AFFIRM. The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 This provision was repealed by Laws 1984, ch. 164, Sec. 32, effective Nov. 1, 1984