## STATE BANK OF STRATFORD v. KEEL.

No. 12964—Opinion Filed Feb. 10, 1925.

### Garnishment—When Dissolved—Sufficiency of Defendant's Property.

It is the duty of the court to dissolve a garnishment process and release the property of the defendant therefrom, upon motion of the defendant, when it is made to appear that the defendant has property, liable to execution, sufficient to satisfy plaintiff's demand.

(Syllabus by Jarman, C.)

Commissioners' Opinion, Division No. 2.

Error from District Court, Garvin County; Charles C. Smith. Assigned Judge.

Action by the State Bank of Stratford against W. T. Keel. Judgment for defendant, and plaintiff brings error. Affirmed.

H. M. Carr, for plaintiff in error.

Bowling & Farmer, for defendant in error.

Opinion by JARMAN, C. This was an action by the State Bank of Stratford, Okla., against W. T. Keel, to recover on a promissory note in the principal sum of $559.50.

On the same day that this action was filed, the plaintiff filed a garnishment affidavit and undertaking, and caused the issuance of a garnishment summons directed to the Oklahoma State Bank of Ada, Okla., as garnishee. In the garnishment affidavit, the plaintiff alleged that the defendant had no property liable to execution sufficient to satisfy the demands of the plaintiff, and that it believed that the Oklahoma State Bank of Ada, Okla., was indebted to and had, in its possession and under its control, money belonging to the defendant which was not exempt by law from seizure or sale upon execution. Upon being served with the garnishment summons, the garnishee filed its answer admitting that it had in its possession the sum of $691.03 deposited to the credit of the defendant. W. T. Keel. Thereafter, the defendant filed a motion to dissolve said garnishment and to release said funds for

the reason that the defendant did own property in Garvin county subject to execution and amply sufficient to satisfy the demands of the plaintiff. The uncontradicted evidence at the hearing on the motion to dissolve the garnishment disclosed that the plaintiff is a married man; that he owns 180 acres of farm land on which he and his family made their home, and which was of the fair market value of $100 per acre, and that there were two mortgages aggregating $4,500 on said 180 acres; that the defendant owns 10 acres of land, unincumbered, in the town of Stratford worth $1,000; that he owns a Dodge car worth $350 and on which there was a mortgage of $100 and 6 head of horses of the value of $600 on which there was no mortgage.

It is clear that the garnishment affidavit of the plaintiff, wherein it is stated that the defendant did not have property liable to execution sufficient to satisfy plaintiff's demand, is untrue.

After this appeal was filed, the State Bank of Stratford became insolvent and the same was taken over by the Bank Commissioner of the state of Oklahoma and the cause was revived in the name of the state of Oklahoma ex rel. O. B. Mothersead, Bank Commissioner, as plaintiff in error.

The defendant, Keel, filed, in this court, a motion to dismiss the appeal on the ground that the same is frivolous, but said motion is considered as a brief on behalf of the defendant in error in disposing of the case on its merits.

The trial court properly dissolved the garnishment. Garnishment proceedings are not intended for the purpose of intimidating or embarrassing a debtor, and where a defendant has property, liable to execution, sufficient to satisfy plaintiff's demand, a garnishment is not authorized and the issuance of garnishment summons under such circumstances, is in violation of the statute, and it is the duty of the court to protect against the abuse of its processes in this manner. Hockaday & Co. v. King, 31 Okla. 127, 120 Pac. 565.

Judgment of the trial court is affirmed.

By the Court: It is so ordered.

Note.—See under (1) 28 C. J. p. 357.