**PRAIRIE OIL & GAS CO. v. JORDAN et al.**

No. 20338.   Opinion Filed Sept. 15, 1931.

T. J. Flannelly, Paul B. Mason, Jno. K. Bowman, and Burford, Miley, Hoffman & Burford, for plaintiff in error.

Biggers, Criswell & Aldridge, for defendants in error.

HEFNER, J.  On the 2nd day of February, 1925, Mrs. P. E. V. Jordan, Minnie B. Alexander and others, as heirs at law of J. M. Jordan, deceased, executed an oil and gas lease on certain land in Pottawatomie county to F. R. McKown.  The lease contained a cause which warranted the title to the land.

On May 2, 1925, McKown assigned the lease to W. M. Williams, who, on May 27th, assigned it to the Prairie Oil & Gas Company.  At the time the lease and assignments were executed, there was a decree of the county court of Pottawatomie county which decreed the lessors to be the only heirs at law of J. M. Jordan, deceased. After this decree was entered, George Deatherage, who claimed to be an heir of deceased and the owner of a one-twenty-first undivided interest in the land, brought an action in the superior court of Pottawatomie county against lessors and the Prairie Oil & Gas Company to recover this interest and to quiet title thereto.  Subsequent to the filing of this action, he filed a motion in the county court to vacate the decree determining the heirship, and at the same time filed a supplemental petition to determine heirship in which he alleged that he was an heir at law of deceased and entitled to inherit a one-twenty-first undivided interest in his estate and prayed that a decree of heirship be entered accordingly.

The former decree of heirship was vacated and a new decree entered in accordance with the prayer of plaintiff's supplemental petition.  After the entering of this decree, defendant, Prairie Oil & Gas Company, purchased a lease from plaintiff. Deatherage, as to his interest in the land and thereupon filed its answer and cross-

petition in the present suit in which it claimed damages against its codefendants, lessors, and heirs at law of deceased, because of an alleged breach of the covenant of warranty contained in the original lease. The trial court sustained an objection to the introduction of any evidence under the cross-petition on the ground that it failed to state a cause of action against defendants, and entered judgment in favor of plaintiff for a one-twenty-first undivided interest in the land and quieting title in him thereto, and denied defendant the right to recover under its cross-petition.

Cross-petitioner contends that it is entitled to recover because of the breach of the covenant of warranty; that a covenant of general warranty runs with the land and that a right of action for the breach thereof passes with transfer of the title and inures to the benefit of a remote grantee.

The case of Arnold v. Joines, 50 Okla. 4, 150 Pac. 130, is cited in support of this contention. It is there said:

"In this state a warranty deed made in substantial compliance with the statutes, and the form of warranty deed provided for therein, shall be and is deemed a covenant on the part of the grantor that, at the time of making the deed, he is legally sei ed of an indefeasible estate in fee simple of the premises, and has good right and full power to convey the same, and that the same are clear of all incumbrances and liens, and that he warrants to the grantee, his heirs, and assigns, the quiet and peaceable possession thereof, and will defend the title thereto against all persons who may claim the same, through title or other claim acquired prior thereto, and the covenants of warranty in such deed run with the land, and by this is meant a covenant which accompanies the conveyance of the land from one purchaser to another, through each successive link of the chain of title."

We do not think this rule should be applied to a covenant of warranty contained in an oil and gas lease. Such lease is not a conveyance of the land, and the general rules concerning warranties applicable to a conveyance of land should not be applied thereto.

In the case of Duff v. Keaton, 33 Okla. 92, 124 Pac. 291, this court announced the following rule:

"A lease granting oil and gas mining privileges for a term of years is a 'chattel real.'

"(a) A chattel real is 'personalty.'

"(b) A lease for such purposes, made by the guardian of a minor, permission of the court having first been obtained thereto, and such lease having been approved and confirmed by the court, though without the preliminary notices essential for the order of sale and confirmation of the same in case of the sale of real estate of minors by guardians, is valid against a collateral attack."

In the case of Clark v. Mercer Oil Co., 139 Okla. 48, 281 Pac. 283, this court refused to apply the law relative to partition of real estate to the partition of an oil and gas lease. but applied thereto the law governing the partition of personal property.

In vol. 24, R. C. L. 159, the following rule is announced:

"The common-law doctrine of covenants running with the land applies only to real estate, and it is well settled as a common-law rule that the benefit of a warranty does not run with the chattel on its resale so as to give the subpurchaser any rights of action thereon as against the original seller."

Without attempting to determine the exact nature of an estate created by an oil and gas lease, we hold that a covenant of a general warranty contained therein does not run with the land, and that a cause of action for a breach thereof does not inure to the benefit of a remote transferee of the original covenantor.

Notwithstanding the fact that a covenant of warranty of title in an oil and gas lease is not a covenant that runs with the land, we think the defendant is entitled to maintain its suit herein because of provisions in the original lease and in the assignments thereof.

The provision "lessor hereby warrants and agrees to defend the title to the lands herein described" is contained in the lease. The lease also provides:

"If the estate of either party hereto is assigned, and the privilege of assigning in whole or in part is expressly allowed. the covenants hereof shall extend to their heirs, administrators, executors, successors or assigns. * * *"

By these provisions the parties have expressly provided that the lease may be assigned, and in such event the covenants shall extend to the assignees. In the assignment the lease is described and clearly identified, and after its description and identification the assignment provides:

"Whereas, the said lease and all rights thereunder or incident thereto are now owned by F. R. McKown.

"Now, therefore, for and in consideration of one dollar (and other good and valuable considerations), the receipt of which is here-

by acknowledged, the undersigned, the present owner * * * of the lease and all rights thereunder, or incident thereto, does hereby bargain, sell, transfer, assign, and convey unto. W. M. Williams all of the right, title, and interest of the original lessee and present owner in and to said lease and right thereunder in-so-far as it covers the entire tract of land above described together with all personal property used or obtained in connection therewith to W. M. Williams and his heirs, successors and assigns."  .

W. M. Williams, the assignee in the above assignment, executed and delivered to the Prairie Oil & Gas Company an assignment wherein the lease is particularly described, and after the description the assignment contains this provision:

"Whereas, the said lease and all rights thereunder or incident thereto are now owned by W. M. Williams.

"Now, therefore, for and in consideration of one dollar (and other good and valuable considerations), the receipt of which is hereby acknowledged, the undersigned, the present owner of the said lease, and all rights thereunder or incident thereto, does hereby bargain, sell, transfer, assign, and convey all right, title, and interest of the original lessee and present owner in and to the said lease and rights thereunder, in so far as it covers the above-described land, together with all personal property used or obtained in connection therewith to the Prairie Oil & Gas Company, and its successors and assigns.

"And for the same consideration, the undersigned, for himself and his heirs, successors and representatives, does covenant with the said assignee, its successors or assigns, that he is the lawful owner of the said lease and rights and interest thereunder and of the personal property thereon or used in connection therewith; that the undersigned has good right and authority to sell and convey the same; and that said rights, interests, and property are free and clear from all liens and incumbrances, and that all rentals and royalties due and payable thereunder have been duly paid; and that the undersigned will warrant and defend the same against the lawful claims and demands of all persons whomsoever."

The original lease expressly authorized an assignment and provided that the covenants should extend to the assignees. In both of the assignments it is provided that the assignor is the owner of the original lease and all rights thereunder or incident thereto, and for a valuable consideration makes an assignment thereof. One of the rights incident to the original lease was that of the covenant of warranty of title. The assignments not only assigned the lease, but all rights of the original lessee incident thereto.

We can see no reason under the provisions of the lease why the lessee could not assign all of his rights as lessee. One of these rights was the privilege of holding the lessor on the covenant of warranty of title, and since the lessee under the terms of the lease could assign that right and did assign the same to W. M. Williams, who became the owner thereof and who assigned the same to the Prairie Oil & Gas Company, the assignments brought to it all the rights that the original lessee had under the lease. We think the right to maintain a suit on the covenant of warranty has been transferred by assignment to the present owner of the lease, and for that reason the plaintiff in error can maintain a suit against the original lessors on the warranty of title provided for in the lease.

The judgment is reversed, with directions to the trial court to take such further proceedings as may seem just and right to it and not inconsistent with the views herein expressed.

CULLISON, ANDREWS, and McNEILL, JJ., concur. LESTER, C. J., and SWINDALL and KORNEGAY, JJ., concur in conclusion. CLARK, V. C. J., and RILEY, J., absent.

SWINDALL, J. I concur in that portion of the opinion which announces the rule of law that where an original lease contains a covenant of warranty as to title and provides for the assignment of the lease and all the covenants in the lease, the right to sue on the warranty may be assigned by the lessee to an assignee, but cannot concur in the rule of law announced in the first paragraph of the syllabus.