## DAWSON v. COPPOCK.

No. 22418.   Sept. 11, 1934.

Rehearing Denied Oct. 2, 1934.

Frank Nesbitt, for plaintiff in error.

Arthur G. Croninger, for defendant in error.

OSBORN, J.   E. W. Coppock sued C. E. Dawson in the district court of Ottawa county for $636.25, his claim arising on a written contract relating to the sale of a lease on certain real property in the city of Miami. Plaintiff filed a motion to strike certain paragraphs of defendant's answer, which was sustained in part by the trial court. Defendant elected to stand on his pleadings, and judgment was entered in favor of plaintiff in the sum of $542, and defendant appealed to this court. Plaintiff filed no cross-appeal.

The record shows that one Bruce R. Sexton was the owner of a certain lease on lots 1, 2, 3, and 4 in block 19 of the city of Miami, Okla., on which was located a filling station. On December 24, 1928, he entered into a contract with defendant, Dawson, assigning to him the lease in question. The contract is lengthy, and we do not deem it necessary to set it forth in detail.

On September 17, 1929, Bruce R. Sexton assigned all his right, title, and interest in the said contract to plaintiff. On December 11, 1929, defendant sold the lease to the Shell Petroleum Corporation for a consideration of $1,250.

It appears that there were some items of expense involved, including the expense of some litigation. There is but one disputed item involved in this appeal, and that relates to the payment of $345 by defendant to George E. Bowling, owner of the property, as rental on the lots prior to the sale. Defendant contends that under the terms of the contract he is entitled to charge this item to plaintiff, but the trial court held against defendant by sustaining a motion to strike from his answer the allegations relating to said payment.

Defendant takes the position that the contract is ambiguous, uncertain, and contradictory in its terms, and susceptible of two constructions in connection with the liability of defendant to pay the ground rentals during the time he remained in possession; that the lease was assigned to him in his capacity as a broker for the sole purpose of facilitating a sale, and on account of the ambiguity of the contract he is entitled to plead and prove that, in the contemplation of the parties, there was no intention that he should be responsible for ground rentals to the owner during his term of possession, citing Quinette v. Mitschrich, 109 Okla. 281, 235 P. 530; Frazer v. City of Ardmore, 103 Okla. 31, 229 P. 143.

It is a cardinal rule in the construction of a contract that the language governs its interpretation, if the language is clear and explicit and does not involve an absurdity. Section 5041, C. O. S. 1921 (9462, O. S. 1931).

In this connection the contract provides that the principal purpose of its execution was to enable defendant to make a sale of the property, but it also provides that defendant was to go into immediate possession, and contemplates that defendant would either retain possession and use the property, or would lease it to some other party, and in either contingency the contract is plain and specific as to responsibility for the ground rentals and for the division and disposal of all rentals collected.

The contract is very explicit to the effect that "party of the second part" (defendant) "further agrees that, beginning with the month of January, 1929, he will pay promptly, when due, all rentals which shall become due and payable in the form of lot rents on said property." It is argued that other portions of the contract contradict the above provisions, but we find no such contradiction. The language referred to relates to certain contingencies, which, so far as the pleadings are concerned, did not occur. Therefore, said language is of no value in determining the issue presented here.

Since the rights of the parties are measured by the terms of the contract, and the contract explicitly fixes the responsibility for the payment of ground rentals on defendant, the trial court did not err in striking from his answer the various portions which were contradictory of the terms of the contract.

The judgment of the trial court is affirmed.

RILEY, C. J., CULLISON, V. C. J., and ANDREWS and BUSBY, JJ., concur.