## SCHUMAN v. McLAIN.

No. 26293.    Oct. 6, 1936.

Fred W. Martin, for plaintiff in error.

Kermit Nash, for defendant in error.

PER CURIAM. This suit was commenced in the superior court of Creek county, Okla., by Florence McLain, as plaintiff, against Morris Schuman, to recover the sum of $150, which had been paid by plaintiff to defendant for a quitclaim deed to certain real estate in Drumright, Okla.

The writ of garnishment was procured and levied upon certain personal property of defendant. Defendant attacked the garnishment process by motion to discharge, which was overruled, and then demurred to the petition on the ground that the petition failed to state a cause of action against the defendant. The demurrer was overruled, and judgment rendered for $150, with interest thereon and attorneys fees of $75; the defendant having refused to plead further, but elected to stand upon his demurrer. From this judgment, defendant has appealed to this court.

The amended petition alleges that on September 6, 1930, defendant, by his contract for deed and his quitclaim deed of said date, fully executed and delivered, agreed to and did convey to plaintiff lots five (5) and six (6) in block eighteen (18), original town of Drumright, for the sum of $150, payable in installments, the full amount of which has been paid. That defendant, by said deed and oral representations, made prior to the execution of the deed and contract, covenanted and represented to plaintiff that defendant was seized in fee simple of said premises; that he had the right to convey the same; and that the premises were free and clear of all incumbrances, and that defendant would warrant and defend said premises against the lawful claims of all persons whomsoever. To the petition was attached the contract for deed, and the quitclaim deed itself, both bearing the same date. The amended petition further alleges that at the time the quitclaim deed was given defendant was not the owner of the real property therein described, but that the same was held and owned by Creek county, Okla., by reason of a sale thereof for taxes, and has since been conveyed to one Willard Tharel, who holds good title to said property.

Defendant contends that the trial court erred in denying his motion to discharge garnishment proceedings. Defendant moved to discharge upon the ground, among others, that defendant had ample property in Creek county to satisfy plaintiff's demand which was liable to execution. A hearing was had on the motion and evidence offered by defendant that he owned a great number of town lots in Drumright and elsewhere; that these lots were acquired by resale tax deeds from Creek county; that in some cases he had perfected his title by obtaining quitclaim deeds from the prior record owners of the lots and in some cases he had perfected his title by suits to quiet title. The evidence further showed that defendant had numerous tracts of land throughout the state of Oklahoma. This evidence was not controverted. We have no doubt that defendant had ample property liable to execution and sufficient to satisfy plaintiff's demand. One of the requirements made by section 614, O. S. 1931, for obtaining the issuance of the writ of garnishment is an affidavit that the defendant has no property liable to execution sufficient to satisfy plaintiff's demand. This affidavit was made by plaintiff, but by uncontroverted evidence was disproved. Under these conditions a garnishment proceeding is not authorized, and the court should have discharged the garnishment. Scott v Waples-Painter Co., 74 Okla. 52, 176 P. 754; State Bank of Stratford v. Keel, 106 Okla. 151, 233 P. 433; Hockaday & Co. v. King, 31 Okla. 127, 120 P. 565.

Next it is contended that the general demurrer to the amended petition should have been sustained. This assignment of error requires this court to determine whether or not a statutory quitclaim deed purports to convey perfect title, or only the interest actually owned by the grantor, if any. The deed given conforms to the form prescribed by section 9680, O. S. 1931. The contract for deed provides that a quitclaim deed should be executed and delivered upon the payment of the purchase price.

At common law a quitclaim deed did not rise to the dignity of a conveyance, but was merely a release. Under American juris-

prudence, whether pursuant to statutory enactment or not, quitclaim deeds have become generally recognized as instruments of conveyance, but conveying only such interest as the grantor may have, if any. Such instruments have a definite legal meaning in American jurisprudence as distinguished from deeds of warranty. The language of such deeds, and particularly the deed in question, is simple and explicit to the effect that grantor conveys only his right, title, and interest, whatever that may be. The specific words are:

"Does hereby quitclaim, grant, bargain, sell and convey unto said party of the second part, and to his heirs, executors, and assigns, forever all his right, title, interest and estate. * * *"

Section 9679, O. S. 1931, provides that a quitclaim deed, made in substantial compliance with the provisions of the chapter of conveyances, shall convey all the right, title, and interest of the maker, in and to the premises therein described. Tiffany on Real Property, page 861, paragraph 377, says:

"There is in this country a well-recognized class of conveyances, known as 'quitclaim deeds', which are to some extent a development of the common-law release, and which have acquired their name from one of the words ordinarily used in the latter instrument. Such a conveyance purports merely to convey whatever title to the particular land the grantor may have, and its use excludes any implication that he has a good title, or any title at all."

Thompson on Real Property, vol. 3, sec. 2496, in discussing a quitclaim as estoppel against assertion of after-acquired title, says:

"The general rule is that a quitclaim deed, not affirming either expressly or by implication, the existence of any estate, or interest in, the grantor, does not estop him from asserting an after-acquired title or interest."

See, also, Thompson on Real Property, vol. 3, sec. 2662; 18 C. J. p. 156; 8 R. C. L. p. 1024, sec. 81.

The foregoing texts cite numerous decisions in support of this construction.

In view of the contract for the deed and the deed itself, we must conclude that plaintiff purchased only a quitclaim of defendant to the property; that she received a conveyance for the interest purchased; and that the deed itself cannot be enlarged so as to include therein a covenant to convey perfect title.

The amended petition further recites that plaintiff, by oral representation, made prior to the execution of the deed and contract, covenanted and represented to plaintiff that he was seized in fee simple of said premises. It is well settled in this jurisdiction that when oral negotiations between parties, touching upon a transaction, are reduced to writing, all such negotiations become merged in the written contract, and oral testimony is incompetent to vary, change, or contradict the writing. J. B. Colt Co. v. Florence, 128 Okla. 14, 261 P. 142; McCain v. J. B. Colt Co., 128 Okla. 14, 281 P. 769.

We must, therefore, hold that the allegations of oral representations preceding the execution of the contract for deed, and the deed itself, do not add to or strengthen the petition as against the demurrer.

Counsel for plaintiff presents many authorities on the question of fraud, and contends that his petition should be upheld on the theory of fraud, notwithstanding it pleads a contract for a quitclaim deed, and a deed in compliance therewith. We do not think the amended petition alleges actionable fraud. If that theory should be adopted, still the petition, as drawn, could not withstand the demurrer, because the action would be barred by the statute of limitations.

The amended petition, having failed to allege a cause of action against the defendant, it was the duty of the trial court to sustain a general demurrer thereto. The judgment of the trial court is reversed and the cause remanded, with instructions to sustain defendant's demurrer to plaintiff's action, and discharge the garnishment issued in said cause.

The Supreme Court acknowledges the aid of Attorneys A. L. Jeffrey, Welcome D. Pierson, and John H. Halley in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Jeffrey and approved by Mr. Pierson and Mr. Halley, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.

McNEILL, C. J., OSBORN, V. C. J., and RILEY, CORN, and GIBSON, JJ., concur.