OKLAHOMA CITY v. HARPER et al.

No. 32515. April 29, 1947.

*180 P. 2d 162.*

A. L. Jeffrey, Municipal Counselor, of Oklahoma City, and Jim Gowdy,

Asst. Municipal Counselor, of Lindsay, for plaintiff in error.

T. Murray Robinson and Earl Pruet, both of Oklahoma City, for defendants in error.

RILEY, J. The city of Oklahoma City appeals from a judgment obtained by defendants in error against it in an action for breach of warranty contained in an oil and gas lease.

In 1942, the city granted to defendants in error an oil and gas lease to a portion of Draper Park, an addition to Oklahoma City. Draper Park was platted and dedicated in the year 1911 by the Commissioners of the Land Office of the State of Oklahoma. Whatever right the city possesses in and to the lands leased was obtained under the dedication by the state. According to the dedication of this court in Oklahoma City v. State ex rel. Marland, 193 Okla. 520, 145 P. 2d 418, the dedication as made of Draper Park conveyed to the city only an easement to the lands involved. No mineral rights in the land were obtained by the city as a result of the decision, or otherwise.

Nevertheless, the lease granted by the city to defendants in error contained a warranty of title whereby the city warranted and agreed to defend title to the lands described in the lease.

The city does not question the authority of its officers to warrant the title to the lands involved, nor does it urge that one so dealing with the city does so at his peril.

Defendants in error, on January 26, 1942, assigned an interest in the lease to Phillips Petroleum Company. Defendants in error and their assignee paid delay rentals on September 24, 1942, and September 24, 1943, as provided in the lease contract.

On June 1, 1944, defendants in error, having ascertained that the city had no right or title to the mineral interest in the leased lands, gave written notice to the city of their intention to seek title under a valid lease from the state. By the written notice, a demand was made for repayment from the city of the original consideration paid for the lease, together with the amount of expense incurred.

On July 10, 1944, defendants in error obtained from the state an oil and gas lease covering a portion of the lands involved. Upon denial of claim for refund under the warranty, this action was commenced.

Phillips Petroleum Company originally joined as party plaintiff, but the cause of action was dismissed as to it, on the ground of absence of a assignment of lessees' right of action upon the warranty. Prairie Oil & Gas Co. v. Jordan, 151 Okla. 147, 3 P. 2d 170. Suffice it to say, as a majority did not concur in the opinion of the cited case, no rule of law as there written was adopted pertaining to right of action by a remote grantee for breach of warranty contained in an oil and gas lease. As to a limited warranty of an assignee in an oil and gas lease, see Ball v. Coyle, 108 Okla. 30, 233 P. 750. However, the Petroleum Company did not appeal.

Judgment was favorable to defendants in error for the amount of the cash bonus for the lease paid to the city, in the sum of $8,872, together with delay rentals in the amount of $89.23 as paid in the year 1942 and in the same amount as paid for the same purpose in 1943. Interest was allowed from the dates of payment.

On behalf of the city, it is contended that the doctrine announced in Phillips Petroleum Co. v. Eckroat, 173 Okla. 17, 46 P. 2d 464, applies, so that continued possession of the leased lands on the part of defendants in error estops them from asserting invalidity of the city's title to the lands as warranted.

The cited case is neither applicable nor controlling. Defendants in error, under the facts presented, do not rely for their possession of the leased lands

upon the city's title. To the contrary, defendants in error and their assignee tendered to the city a surrender and cancellation of the lease in question. Defendants in error's subsequent acquisition of rights to develop for oil and gas under lease from the true owner of the minerals is consistent with their continued possession of the lands as well as recovery on the warranty from the city for the consideration paid for the invalid lease. We find no element of estoppel.

Moreover, in Rogers v. Amrey, 123 Okla. 70, 251 P. 1013, we held that covenants of seisin and right to convey as warranted, if broken at all, are broken when made and actual eviction is unnecessary to consummate the breach.

On behalf of the city, its is argued that when defendants in error leased from the city, they were charged with knowledge of the state of the record title. However this may be, the rule applies that:

"The right of recovery for breach of a covenant of seisin is not affected by the fact that it was known to one or both of the parties at the time the covenant was made that the grantor had no title to the land or any part of it." Joiner v. Ardmore Loan & Trust Co., 33 Okla. 266, 124 P. 1073.

Defendants in error are entitled to the return of the consideration paid for the lease, in view of the warranty and its breach, and this is based upon the fact that the city granted nothing by the lease which it executed and delivered under a warranty of its title to minerals in the land.

The second proposition urged by the city is that the court erred in assessing the amount of recovery. The recovery was based on the amount paid for the lease as a cash bonus together with the delay rentals paid by defendants in error and their assignee.

The mere fact that defendants in error may have received from their assignee a valuable consideration for the assignment of an interest in the lease does not prevent them from recovery of the purchase price paid the city for the lease, and this rule applies to the small amount contributed by the assignee for each of the years as delay rentals. Defendants in error became liable to the assignee for the amounts paid by it, and it may be presumed that adjustment has been or will be made as between the parties.

It is suggested in the brief filed on behalf of the city that the rule stated in Nicholson Corporation v. Ferguson, 114 Okla. 10, 243 P. 195, governs the recovery. The rule applies the measure of damages prescribed by 23 O.S. 1941 §25. The statute provides that the detriment caused by the breach of a covenant of warranty in such a grant is the price paid to the grantor and interest thereon for the time during which the grantee derived no benefit from the property, not exceeding six years, together with any expense properly incurred by the covenantee in defending his possession.

Proof of payment for delay rentals made by defendants in error and their assignee was admitted without objection. Whether that small amount was paid as an expense properly incurred in defending possession within the limitation of time prescribed by the statute, or whether under the present state of the record that part of the judgment consisted of a recovery from the city for monies had and received by the city under a species of unjust enrichment, we find no need to determine.

Affirmed.

HURST, C.J., DAVISON, V.C.J., and OSBORN, BAYLESS, WELCH, CORN, and ARNOLD, JJ., concur.