WALKER & WITHROW, INC., Appellee,

v.

Calvin Leon HALEY and Judith Carol Haley, Appellants.

No. 53790.

Supreme Court of Oklahoma.

Sept. 28, 1982.

As Corrected Sept. 28, 1982.

Rehearing Denied Nov. 15, 1982.

---

1. 100 A.L.R.2d, at p. 956.

James A. Kirk, G. Phil Harney and Richard L. Farris, Linn, Helms, Kirk & Burkett, Oklahoma City, for appellee and cross-appellant.

Tim J. Crowley, Enid, for appellants.

BARNES, Vice Chief Justice:

On June 1, 1977, appellants granted an oil and gas lease with a one year primary term to T.L. Knight, which was assigned to appellee on June 15, 1977 for a $12,000.00 bonus. The lease was signed after Clyde Collins, an independent land man representing appellees, solicited the lease and stated to appellants that he had checked the record and the land was open for leasing.

In May, 1978, appellee realized that the rig he contemplated using was not going to be available until after the primary term was expired. On May 10, 1978, appellants granted an extension to appellee for a primary term of ninety (90) days to begin June 3, 1978 for a $5,000.00 bonus. At that time, appellees asked appellant to deliver the abstracts to an Enid attorney which he did on May 16, 1978.

On June 29, 1978, appellee contacted appellant and said there might be some problems with the title, and appellee further stated he would send some papers for appellant to forward to Atlantic Richfield to secure a release. The problem appellee found in the title was a 1958 oil and gas lease that had been executed with a ten year primary term, and a currently producing well within the spacing unit of appellant's minerals.

Subsequently, appellee alleged that appellant had breached the warranty of title and demanded that appellant return the $17,000.00 bonus money they had paid him. Appellant refused, and appellee filed this action and subsequently obtained a judgment for $17,000.00 based on appellants alleged breach of warranty.

I.

Appellant contends that 52 O.S. Supp.1977 § 87.1 subparagraph (b) can ap-

ply retroactively as well as prospectively; therefore, appellants had clear title to the mineral interest in the land in question and appellee failed to state a cause of action. 52 O.S.Supp.1977 § 87.1 subparagraph (b) states that:

> In case of a spacing unit of one hundred sixty acres or more, no oil and/or gas leasehold interests outside the spacing unit involved may be held by production from the spacing unit more than ninety days beyond expiration of the primary term of the lease.

In *Franklin v. Margay Oil Co.,* 194 Okl. 519, 153 P.2d 486 (1944), the Court held that a legislative act which undertakes or operates to deprive one person, against his consent, of a vested estate and to vest it in another for his private use is a denial of due process of law. *Id.* at 502. Eugene Kuntz in his article Statutory Well Spacing and Drilling Units, 31 Okl.L.Rev. 344–357, states that the statute should only apply prospectively. We held in *Wickham v. Gulf Oil Corp.,* 623 P.2d 613 (Okl.1981) that § 87.1 did not apply retroactively. Since § 87.1 does not apply retroactively, the 1958 lease is still in force because there is a producing well upon lands located within the same well spacing unit. *Oklahoma Natural Gas Co. v. Long,* 406 P.2d 499 (Okl.1965).

■ Appellant further contends that the appellee only showed a cloud on appellant's title and failed to show the existence of a paramount title. We find no merit in this argument. Appellant warranted that he had good title pursuant to 16 O.S.1981 § 19. The statute states that a covenant of general warranty includes an obligation that the covenantor is seised in fee with the right to convey. *Schiff v. Dixon,* 204 Okl. 112, 227 P.2d 639 (1951), held that covenants of seisin and good right to convey are synonomous and if broken are broken when made; eviction is unnecessary to consummate the breach. Appellee showed the existence of a producing well within the spacing unit and under *Oklahoma Natural Gas Co. v. Long, supra,* that is sufficient to extend the term of the lease beyond its initial period. Therefore, appellee effectively showed that appellant breached the warranty.

■ Appellant's final contention is that appellee should be estopped from collecting the $17,000.00 bonus money. The elements necessary to create estoppel are false representation or concealment of material fact, with actual or constructive knowledge thereof by party claimed to be estopped, other party's lack of knowledge or means of knowledge of real facts, intention that representation or concealment should be acted on, and reliance or action thereon by party claiming estoppel to his prejudice. *L.C. Jones Trucking Co. v. Cargill,* 282 P.2d 753 (Okl.1955). Appellant bases his estoppel argument on the evidence of appellee's misrepresentations: appellee's agent solicited the lease, he assured appellant he had checked the record, and he assured appellant that the land was open for leasing. We find no merit in the estoppel argument as it concerns the $17,000.00 bonus consideration. In *Oklahoma City v. Harper,* 198 Okl. 493, 180 P.2d 162 (1947), the Supreme Court granted the lessees the return of the consideration paid for the lease in view of the warranty and its breach based upon the fact that the city had granted nothing by the lease which it executed under a warranty of its title to minerals in the land.

We find that *Oklahoma City v. Harper, supra,* is controlling and that appellee is entitled to have his $17,000.00 refunded. However, under the facts of this case we agree with the trial court that attorney fees and court costs are not warranted. Were it not for the appellee's incorrect representations the appellant would never have entered into the leases. The judgment of the trial court is affirmed.

IRWIN, C.J., and HODGES, LAVENDER, SIMMS, DOOLIN, OPALA and WILSON, JJ., concur.