**Geoffrey BUSCH, Petitioner,**

v.

**Gary BROWN d/b/a Homes by Gary Brown, Mid-Continent Casualty Company and the Workers' Compensation Court of Oklahoma, Respondents.**

**No. 61167.**

Court of Appeals of Oklahoma, Division No. 4.

Feb. 21, 1984.

Michael McNulty, Oklahoma City, for petitioner.

Mary A. Kelly, Tulsa, for respondents.

BRIGHTMIRE, Judge.

The sole question in this workers' compensation case is whether, under the unusual facts, a covered employer who is injured while transporting an employee home from the job site for the benefit of the employment is entitled to benefits under the Act. We hold he is and reverse the court en banc.

I

The background facts are without significant dispute. Claimant, Geoffrey Busch, is an independent framing contractor. Sometime prior to October 12, 1982, he contracted with respondent, Gary Brown d/b/a Homes by Gary Brown, to frame a duplex dwelling being constructed by the latter. The agreement was that claimant would furnish all labor, materials and tools for the project and be paid weekly at the rate of $1.35 per square foot for completed work.

Before commencing work Busch arranged for Brown's compensation carrier, Mid-Continent Casualty Co., to cover both Busch and his employees under Brown's policy.

The work in question was being performed by Busch and his two employees. One employee, Mike Arter, was having car trouble and, because proper progress of the work required Arter to be on the job, Busch had decided to transport him to and from the job site—a decision imparted to and discussed with respondent Brown who apparently did not object and said at trial, "He [Busch] knew I expected it [the framing] done as fast as he could." As a matter of fact Brown himself occasionally provided transportation for subcontractors or their employees to and from job sites. Brown considered Busch a "good carpenter" and a "responsible framing contractor [who] ... got things done without [Brown having to be] on him all the time"—something he could not say concerning all of his subcontractors.

The 32 year old claimant explained at trial that he worked with and supervised his employees on the Brown framing job on October 12, 1982.

"[W]e were working late that night," said Busch. "I was trying to go ahead and finish up. I had a vacation coming up, so we worked until dark, which was in the vicinity of 7:30 and we had a hard time picking up the tools it was so dark. And at that point I left the job to go ahead and

take Mike Arter ... home. And beyond that I have no recognition of anything, except awakening in the hospital weeks later."

What Busch could not remember was that his pickup truck had hit another vehicle head on, causing him to suffer severe head injuries, a ruptured spleen and a broken right leg. He has had to undergo extensive expensive medical treatment.

This proceeding was begun December 6, 1982, when claimant filed a Form 3 seeking benefits under the Workers' Compensation Act.

Respondent Brown and his carrier, Mid-Continent Casualty Co., answered, specifically denying that claimant was an employee of Brown, that he had sustained a work related accidental injury, or that he had sustained either temporary or permanent injury as a result of the wreck.

The issues were tried June 29, 1983. Brown and his carrier stipulated at the beginning of the trial that they were "estopped to deny liability." They added, however, that they were continuing to deny "the accident arose out of and in the course of claimant's employment."

The trial judge found otherwise, ordered Brown and his carrier to pay 20 weeks of temporary total compensation, and reserved the issues of permanent disability and the question of respondents' liability for medical expenses for a future hearing.

Respondents appealed this order to the court en banc. On September 19, 1983, that court, by a two to one vote, vacated the trial judge's order after finding that the claimant did not sustain an accidental injury arising out of his employment with Brown.

Busch seeks judicial review of this order.

## II

The pivotal issue is one of law and is whether, under the admitted facts, Busch's injuries were job related.

In defense of the court en banc's order Brown makes but one contention—injuries "sustained while traveling to and from work are not compensable unless there exists an exception" such as, "where the employer provides transportation or travel expenses for [such] travel." Here, says Brown, he must be considered the employer and he did neither.

Parenthetically, we think respondent Brown overemphasizes the fact that Busch was an independent contractor—a fact which gives the case a little different factual complexion from that of the earlier related decisions of *Christian v. Nicor Drilling Company,* 653 P.2d 185 (Okl.1982); *Fluor Engineers & Contractors, Inc. v. Kessler,* 561 P.2d 72 (Okl.1977); and *F.W.A. Drilling Company v. Ulery,* 512 P.2d 192 (Okl. 1973). Such difference is immaterial, because, under statutory law, a covered employer is "deemed" to be a compensable employee. 85 O.S.1981 § 3(4). The stipulated fact here is that claimant was covered as an employee under Brown's insurance policy, which entitles Busch to be treated as one "as respects the benefits of the Workers' Compensation Act." 85 O.S.1981 § 3(4).

Respondents' contention is erected on a narrow rigid construction of the above cases concerning the scope of the exceptions. True, as Brown points out, an employee ordinarily is not covered while going to or from work. Where respondents miss the flight, we think, is in overlooking both the rationale behind the exceptions and a significant material fact which is beyond dispute in this case—that the claimant's injury accidentally occurred not merely on the way to or from work, but while doing something for the benefit of, in furtherance of, and incidental to, the covered employment; namely, taking an employee home who was needed on the job and who would not have been working had the employer not furnished him transportation. Similar operative facts support the legal reasoning responsible for the exceptions recognized in *Christian, Fluor Engineers*

*& Contractors, Inc.* and *F.W.A. Drilling Company.*

The court's observation in *Christian* epitomizes the philosophical foundation for the exceptions. They rest, said the court, "on the law's awareness that in certain situations both the employer and the employee derive mutual benefit from the inclusion of travel in the course of employment." And mutual benefit is exactly what we have here.

Busch wore two hats. On the one hand, he was an employer furnishing transportation to an employee for the mutual benefit of both. On the other, as we mentioned earlier, by virtue of the stipulated insurance coverage the law "deemed" Busch to be an employee performing a covered employment mission.

We hold that the undisputed facts require a finding that Busch was acting within the scope of his employment when he was injured.

The decision of the court en banc is vacated, the trial judge's order is reinstated and the cause is remanded for further proceedings.

DeMIER, P.J., and STUBBLEFIELD, J., concur.