PEABODY COAL COMPANY, Appellant,

v.

STATE of Oklahoma ex rel., COMMISSIONERS OF the LAND OFFICE; the Honorable Henry Bellman, Governor; the Honorable Robert S. Kerr, Lieutenant Governor; the Honorable Clifton H. Scott, Auditor and Inspector; the Honorable Gerald Hoeltzel, Superintendent of Public Instruction; and the Honorable Jack D. Craig, President of the Board of Agriculture, Appellees.

No. 76935.

Court of Appeals of Oklahoma, Division No. 1.

June 30, 1992.

Certiorari Denied Nov. 1, 1994.

John S. Athens, Russell H. Harbaugh, Jr., J. David Jorgenson, and David R. Cordell, Tulsa, for appellants.

James T. Dupre and Clifford A. Wright, Oklahoma City, for appellees.

## MEMORANDUM OPINION

GARRETT, Presiding Judge:

Peabody Coal Company (Coal Company) filed an action against the State of Oklahoma ex rel., Commissioners of the Land Office et al (Land Office) to recover payment of lease bonuses and coal royalties paid by Coal Company to Land Office over a period of several years. The coal leases granted to Coal Company were based on purported ownership of such minerals by Land Office as being included in the reservation of minerals in Land Office patents or certificates of purchase. Land Office reserved unto the State all oil, gas and other minerals on, in and under real estate conveyed by Land Office. The coal leases between Land Office and Coal Company did not contain a clause warranting title to the coal.

From approximately 1953 to 1983, Coal Company and its predecessors in interest purchased coal leases from Land Office and paid Land Office lease bonuses and coal royalties. However, in the case of *State of Oklahoma ex rel., Commissioners of the Land Office v. Butler*, 753 P.2d 1334 (Okl. 1987) *cert. denied* 488 U.S. 993, 109 S.Ct. 557, 102 L.Ed.2d 583 it was determined that the phrase "oil, gas and other minerals" in a reservation does not include coal or other unspecified minerals.

After the *Butler* decision, Coal Company filed an action against Land Office seeking: (1) that Land Office be ordered to release the coal leases and acknowledge that it had no right, title or interest in and to the coal underlying the subject property; (2) that Land Office has no right, title, interest or estate in the subject property other than that which is consistent with *Butler*, (3) enjoining Land Office from asserting any right title or interest in the subject property other than the specified interest in oil, gas and other minerals as set forth in the reservation clause; (4) quieting Coal Company's title to the subject property as against Land Office;

and, (5) for costs, attorney fees and other relief. Coal Company also prayed for judgment against Land Office for the amount of all payments of advanced royalty and royalty for coal production and performance bonds.

Land Office moved to dismiss the action on various grounds. The Motion to Dismiss was denied. Land Office then made application to the Supreme Court to assume original jurisdiction. The Supreme Court declined.

The matter progressed in the trial court. After discovery, Land Office moved for summary judgment. Coal Company responded and (in its response) asked for summary judgment in its favor. The trial court entered summary judgment in favor of Land Office.

Coal Company filed a Motion for Rehearing or Reconsideration and asserted, as a basis for that motion, that the trial court did not discuss or rule upon (1) Coal Company's grounds for relief involving the "lesser interest" clause of the coal lease; (2) Coal Company's request to quiet title; or, (3) for the release of the coal leases.

■ When a motion is styled Motion to Reconsider, and no facts are plead or proven to bring the motion within the purview of the specific grounds needed to justify motions to vacate or modify, it will be considered a motion for new trial. *Minnesota Mining & Manufacturing Co. v. Smith*, 581 P.2d 31 (Okl.1978). As such, we may only consider those allegations of error that were asserted in that motion. 12 O.S.1991 § 991(b). We will not consider theories set out in the brief and not preserved for error in the court below.

■ A covenant of warranty in a mineral lease includes the obligation that the lessor is seized in fee with the right to lease the minerals. *Walker & Withrow, Inc., v. Haley*, 653 P.2d 191 (Okl.1982). However, when a lease is given without such a warranty, it is in the nature of a "quitclaim" and leases only such interest as the lessor owns. (See *Schuman v. McLain*, 177 Okla. 576, 61 P.2d 226 (1936) for discussion of the nature of quit claim deeds to real property.) Because Land Office did not warrant its title or its right to lease, Coal Company may not now seek to recover lease bonuses and royalties paid on the grounds that Land Commission had no right to the coal. Since the lease was in the nature of a quitclaim, Coal Company, at its own risk, paid for whatever interest Land Office owned, whether it was 0% or 100% or something in between. The doctrine of caveat emptor applies. Compare *Siniard v. Davis*, 678 P.2d 1197 (Okl.App.1984). The lease involved in *Siniard* contained a general warranty of title by the lessor.

■ In its Motion for Rehearing or Reconsideration, and reasserted in its appeal brief, Coal Company contends the "lesser interest" clause contained in each lease agreement requires a refund to the Coal Company from the time of the inception of the lease to Coal Company (or its predecessors in interest) as the Land Office did not own the coal purportedly leased. The "lesser interest" clause of each lease reads substantially the same:

It is agreed that should it be legally and finally determined that lessor owns a less interest in all or any part of the above described land than an undivided one-half interest in and to the coal located therein or thereon, then the payments and royalties herein provided shall be payable to lessor only in the proportion which lessor's interest bears to an undivided one-half interest therein.

The "lessor interest" clause is prospective in nature and does not require a refund of the payments previously made under the lease. It is not a warranty of title. The words in the clause speak to a future occurrence, which is a future legal determination of Land Office's ownership of minerals, if any. The prospective application of the clause is shown in that the legal determination is to be made, *then* the payments and royalties shall be payable in the correct proportionate share. The cardinal rule of construction is that the language of the contract governs its interpretation where that language is clear, explicit and involves no absurdity. *Dawson v. Coppock*, 169 Okla. 115, 36 P.2d 46 (1934). The "lesser interest" clause is unambiguous, is prospective in nature, and the trial court correctly refused to consider it to be a warranty of title.

Coal Company also contends in its Motion for Reconsideration & Rehearing that the trial court erred in granting summary judgment against its quiet title claim and against its action to cancel the coal leases. We agree. In light of the holding in *Butler*, supra, and under the facts of this case, the leases constitute a cloud on the title held by Coal Company. The grant of summary judgment against Coal Company in this respect was error. This case is reversed and remanded for further proceedings on Coal Company's quiet title action and its action to cancel the coal leases. Otherwise, the judgment is affirmed.

AFFIRMED IN PART; REVERSED IN PART, AND REMANDED FOR FURTHER PROCEEDINGS.

BAILEY and ADAMS, JJ., concur.